Curia.

This was an indictment at the common law. The statute 33 Hen. 8, c. 9. s. 11, has not been enacted in this state; but if it had, the indictment is not founded upon any statute; and we are only to inquire how the matter stood at common law. Keeping a gaming table for one’s profit, was made penal by the English statute, and a penalty of 40s. imposed. This shows that such an act was not, in itself, criminal at the common law. Something more must be shown. Ho disorderly conduct is in this instance proved against the defendant. He allowed no noises which disturbed the neighborhood; and no betting; but discountenanced the most trifling wagers. The only fact upon which the indictment can rest, is the loser of the rub paying for the use of the table. A house kept even for games of chance, conducted for mere recreation, is not criminal at common law. Such is not a gaming house within the common law of nuisance. (Williams, J., Gaming '"'and Gaming houses, Bac. Abr. Gaming, (A.) Billiards is a game of skill; and, of course, is farther without the law. It may be ruinous, if parties bet; but a billiard house where no betting is allowed, and where there is no disturbance, cannot be a nuisance, unless it be a tavern, where, by statute, the mere keeping of a table is made so. Paying for the table by the rub, is not gaming within the meaning of the law which makes the house a nuisance. Here is hardly a shadow of gain by either party. Illegal gaming implies gain and loss between the parties by betting, such as would excite a spirit of cupidity. Experience having shown that this leads to idleness and waste, riot and intemperance, the common law has wisely pronounced it pernicious ; and condemned the gambling house as a common nuisance. (1 Hawk. P. C. ch. 75, s. 6; 10 Mod. 336.) The case before us does not come within the principle; and we *141 are °P™on that the indictment was not sustained by the proof. [1]

 gee Banner v. Albion, 5 Hill, 121
A public inn, where any instrument or device for gambling is used and kept as such, either by the landlord, or any other person by bis permission, however orderly the house may be in other respects, is a public nuisance at common law; and all persons resorting to such house, for the purpose oí gambling, are, in the eye of the law, persons of ill-fame. Butler's case, 1 City Hall Rec. 66.
A grocery licensed in the city of Eew York, is an inn or tavern; and, td keep a shuffle-board, and permit persons to play in such grocery, “ is an of-fence against the people of this state,” by statute. Ouscadden’e case, 2 City Hall Rec. 53.
See "Waterman’s Archbold’s Or. Pr. & PL, pp. 609, 610, 611.