SullivAN, J.
The defendant was indicted for that, on, &c., he did unlawfully and knowingly suffer and permit his mare tc be then and there run in a certain race commonly called a horse-race in and along a certain public highway, &c., contrary to the form of the statute, &e. Plea, not guilty. The cause,, by consent of parties, was tried by the Court. Judgment against the defendant.
The proof was, that the animal run was a horse and not a mare. The only question is whether the variance was material.
The statute enacts, “that any person who shall knowingly suffer his horse, mare, or gelding, to be run in what is commonly called a ‘ horse-race ■’ along any public highway in this State, on being convicted, &c., shall be fined/’ &c. We feel constrained by the weight of authority to say, that the testi *494 mony does not support the charge in the indictment. The averment in the indictment as to the kind of animal that was suffered to be run is descriptive, and must be proved as laid. The authorities are too numerous, and have been too long ac-q Messed in, to be disturbed. Rex v. Chalkley, R. & R., 258; Rex v. Beaney, Ib., 416; Loom’s case, 1 Moody’s C. C., 160.(1)
G. B, Tingley, for the plaintiff.
.B. O’Neal, for the State.
Her Curiam.—The judgment is reversed. Cause remanded, &c.

 An indictment for stealing a cow can not be sustained by evidence of stealing a heifer, as the statute mentions cows and heifers. Cook’s case, 2 East’s Or. Law, 616. So, on an indictment for stealing sheep, a prisoner can not be convicted for stealing lambs, the statute specifying lambs as well as sheep. Loom’s case, cited in the text.