Birchard, C. J.
The merits of this writ turn upon the question whether, in organizing a school district from two or more townships, a majority of the trustees of each township, or only a majority of all the trustees of the several adjoining townships, are to unite in establishing the ^district. The return to the mandamus shows that the part of the alleged district which lies in the township of Tallmadge was embraced therein without the assent of the Trustees of that township, and against their express dissent. They deny the authority of the trustees of the other three townships to interfere with their territory against their will, and have instructed their treasurer to retain the school money, which is the subject of . this controversy, in his hands, and hot to pay it on the order of the directors of the school district.
The question depends for its solution upon the 4th section of the school law, (Swan’s Stat., p. 845,) which declares, “ That the trustees, or a majority of them, in two or more *34 townships, may lay off districts composed of parts of such townships, when they shall deem it necessary for the accommodation of the inhabitants thereof.” The authority can only be exercised upon the petition of a majority of the citizens residing in the • contemplated district, after thirty days notice in each township to be affected thereby.
The language of this statute is by no means so specific and certain, that the meaning and intention of the legislature can be ascertained without difficulty. The phrase, the trustees or a majority of them in two or more townships, may imply, and other considerations out of the way, most naturally would be understood to imply, a majority of the whole number of the trustees of the several township. Such appears to be the natural force of the words when taken by themselves. But this is not always the true test in construing a statute. Words which, when thus taken, lead to unjust results, at war with general policy, and which may admit of a different interpretation, according with the general policy and with principles of justice, ought ever to be so construed as to effect the latter object. Now these words, if so interpreted as to give the control absolutely to a majority of the whole number of the four townships, might admit of this inconvenient result. Two townships might contain a majority of the citizens-of a contemplated union district, and although this territory and taxable property should be less than a fourth of the territory and taxable property of the contemplated district, still, by combining together, they might present the petition and give the notice required by statute and with the aid of one trustee from one of the adjoining townships, the trustees of their township might establish a union district incommoding or deranging all the school districts of the other two adjacent townships. We do not think the General Assembly contemplated that such a result could happen, under the sanction of law. Human nature is such that no sensible man could suppose that a school district thus formed against the will of the people, that violated their rights as members of society, and that materially interfered with their township arrangements, *35 could subserve the great interests of education. It would inevitably breed nothing but contention and strife. The general policy of the school laws, looks to the formation of school tricts \yithout breaking over township and county lines. The 4th section should be regarded an exception to the general policy, adopted merely for purposes of convenience, and to accommodate the wishes and interest of- people living in neighborhoods peculiarly situated.
An argument has been drawn in favor of the relator from the different wording of the various statutes relating to this subject. Some of the statutes (act of 10th of March, 1831, 3 Chase 1867; act of 28th of February, 1834, 32 O. L. p. 25,) authorize the majority of the trustees of each adjoining township to form or alter union districts, while others are like the act now under consideration. Hence it is said that those different acts show that the legislature at one time intended that a majoritity of the whole body of trustees, when assembled, should have power to form such dictricts, and at another time intended to confer the power upon the aggregate body only in case the majority of trustees of each township concurred. This is a legitimate course of argument, yet it has not convinced us, nor is it conclusive of anything save the fact, that the statutes in this respect, were not prepared with so much care, as to enable all persons interested in them to understand them alike,
It seems to us that the several provisions of the statutes, defining the duties of trustees of townships, contemplate that in all their official action, for and on behalf of their respective townships, they must act as a distinct corporate body. . And when we meet with language like that employed in the act of 1841, it should be so understood as to preserve this distinct action of each separate board of trustees. In this way, the independent action of each township is preserved ; and the wishes and wants of its people are respected. Nor does this view of . the subject do any great violence to the words of the statute. Strictly speaking, no one can be a trustee in two or more townships. Such an affair is unknown to the law.
*36 Let the construction claimed by the relator prevail, and the meaning of the statute must be departed from; for if can be no one man a trustee in two townships, there certainly can be no “trustees,” or “majority of trustees in two townships.” We read and understand these statutes, as conferring the authority to establish union school districts upon the trustees of the several townships, and requiring a majority of each township board of trustees to concur, with a like majority of each, and of all the several township boards of trustees; and hold that no organized township, or any portion of it, can be forced into a school district against the consent of its trustees.
The demurrer to the return is overruled; and the writ dismissed, with costs.