May Term, 1853.

CONWAY
v.
THE STATE.

*J. A. Fay* and *J. S. Newman*, for the defendants.

---

CONWAY *v.* THE STATE.

The defendant, indicted for suffering his *mare* to be run in a horse-race, offered to adduce in evidence at the trial, a justice's docket, showing that he had been complained of before the justice and fined by him for suffering his *horse* to be run in a horse-race, and to prove, by parol, that it was a *mare*, and not a *horse*, for the suffering of which to be run, he had been fined by the justice. *Held,* that the Court properly refused to admit the evidence.

Wednesday, May 25.

ERROR to the *Henry* Circuit Court.

PERKINS, J.—Indictment against *John Conway* for suffering his *mare* to be run in a horse-race. Conviction and fine in the Circuit Court.

On the trial the defendant offered to introduce in evidence the docket of a justice of the peace, showing that he had been complained of before said justice and fined by him for suffering his horse to be run in a race, and to accompany the introduction of said docket by parol evi-

dence tending to establish the fact that it was a *mare* and not a *horse*, for the suffering of which to be run he had been fined before the justice. The Court refused to receive the evidence.

Our statute on this subject is, that if any person shall knowingly suffer "his horse, mare, or gelding," to be run, &c.; and it is decided in *Thrasher* v. *The State*, 6 Blackf. 460, that the averment in the indictment as to the kind of animal suffered to be run is descriptive of the offence, and must be proved as laid. The description in an affidavit for the prosecution of such an offence, before a justice of the peace, of the kind of animal suffered to be run, is as binding upon the prosecutor, and as material, as is that in an indictment, and would necessarily have to be sustained by proof. In either of these cases, therefore, to admit parol *evidence* that the conviction was, in fact, for suffering a different kind of animal to be run from that specified in the record, would be contradicting the record in a material point. This cannot be done.

*Per Curiam.*—The judgment is affirmed with costs.

*M. L. Bundy* and *W. Henderson*, for the plaintiff.