Mr. Justice Scott delivered the opinion of the Court. In the first count of this indictment, it is charged, in substance, with the usual averments of time and place, that Yanderworker, being an evil disposed person, and not minding to get his living by honest labor, unlawfully and injuriously for his lucre and gain, kept and maintained a common gaming house. And on the day alleged, and on divers other days and times unlawfully and injuriously caused and procured divers idle and ill disposed persons in said common gaming house to come together to game, and to remain there and game together unlawfully, to the great encouragement of idleness and dissipation, to the great damage and common nuisance of the county of Jefferson ; contrary to the form of the statute, and against the peace and dignity of the State of Arkansas. The second count varies from the first in charging that he kept “a common gaming roona and place in a certain house,” where such persons came together for “ play,” and remained to “ game and play together,” to the like encouragement of idleness and dissipation, and to the like damage and nuisance “of the people of the county of Jefferson and to the people of the State of Arkansas,” contrary to the form of the statute, and against the peace and dignity of the State of Arkansas. The third count was quashed, and the motion to quash as to the other two overruled. The defendant below then interposed the plea of not guilty, on which issue was taken and tried by a jury,who found the defendant guilty, and assessed afine of $>100. And upon the refusal of a motion to arrest the judgment, an appeal to this court was taken. Independent of any statute, the keeping of a common gaming house is indictable at common law, on account of its tendency to bring together disorderly persons, promote immorality, and lead to breaches of the peace. Such an establishment is thus a common nuisance. (Wharton Am. Cr. Law, ch. 3, sec. 8, p. 718. 1 Russ, on Crimes, book 2, p. 323. The People vs. Jackson, 3 De-nio R. 101. The King vs. Rogier, 1 Barn. & Cress. 272. The People vs. Sergeant, 8 Cow. Rep. 139.) And there are highly respectable dicta in the books that a general charge that the defendant kept and maintained a common gaming house, would be sufficient. Halroyd, J., in The King vs. Rogier; Morton, J., in Com. vs. Pray, 13 Pick. R. 359. The King vs. Dixon, 10 Mod. R. 335. Rex vs. Mason, 2 Leach 548. We think, however, that the weight of authority requires a further allegation in general terms of what was transacted there. But as,the offence does not consist in the keeping of the house for the playing of any particular unlawful game, or in the playing of any particular game by the visitors — the common nuisance to the public springing as well from one as another, or from few or many different unlawful games — in the allegation of what was transacted, it would not be essential to specify what particular games the visitors engaged in while remaining there. The common law adjudges such an establishment to be per se .a common nuisance, and in proceeding against any given house as a common nuisance, or against the keeper of it, it can only be necessary to allege such facts as will show it such in the eye of the law, and all particularity beyond that would be unnecessary .and encumber the prosecution. Tested by this exposition of the law, we think the indictment in this case, as we have substantially set it out in this opinion, is good in substance, although somewhát inartificially drawn; and the defendant well convicted, so far as its validity is concerned. Nor should this conviction be disturbed, because of some indications in the proceedings and the course of argument here, that the prosecutor for the State went upon some supposed statute, and not upon the common law. These indications are too slight to cut any figure. All that appears in the entire record, that looks that way, is the averment in each count that the offence charged was “ contrary to the form of the statute in such case made and provided,” but as in both instances this averment is coupled with those that the acts charged was a “ common nuisance,” and “against the peace and dignity of the State of Arkansas,” it may be well disregarded as unmeaning and mere sur-plusage. The amount of the fine assessed does not exceed the limit fixed by the statute (Dig., ch. 34, sec. 2, p. 255) for the punishment of such common law crimes and misdemeanors as have not been provided for by our Legislature, and is therefore no foundation of any inference that the punishment was fixed under our statute creating the offence of knowingly permitting any of the games to be carried on or exhibited, prohibited by the first section of the gaming statute. (Dig., ch. 51, art. 3, and Ib. 4, p. 365 and 366.) The ofience thus created being confined to the banking games — all the games specified in the first section — and does not include the small games, as we have held in Townsend D. Stith vs. The State, decided at the present term. And the common law ofience of keeping a common gaming house being in no way affected by the creation of the new offences of the 4th section of the gaming act, whereby the Legislature have made an additional effort for the suppression of those gaming houses* where those large games are carried on and exhibited. Finding no error in the record, the judgment must be affirmed, Watkins, C J., not sitting.