*S. Judah*, for the appellants.

---

## MOUNT v. THE STATE.

The affidavit, in a prosecution for a misdemeanor, must allege the same offence and person subsequently charged in the information, but the information need not follow the affidavit in the manner in which it sets forth the particular facts which constitute the offence.

An information must contain all the substantial requisites of an indictment at common law.

Information against *A.* for gaming. The information alleged that *B.* owned and kept a ten pin alley for hire, and that *A.* and *C.*, then, &c., hired of *B.* the use thereof to play one game, &c., for which they agreed to pay *B.* 10 cents; and that, in pursuance, &c., *A.* and *C.* then and there played said game, &c., by which *A.* won of *C.* 5 cents, the half of the hire of the alley, by then, &c., unlawfully betting and wagering with him said 5 cents on the result of the game, contrary, &c. The evidence showed the hiring of the alley, &c., and the playing of the game, and that *A.* won of *C.* the value

of 5 cents, being *A.'s* liability to *B.* for the use of the alley, which liability *C.,* then, &c., paid to *B.*

*Held,* that there was no material variance between the information and evidence.

*Held,* also, that the information was sufficient.

May Term,
1856.

MOUNT
v.
THE STATE.

Monday,
June 16.

APPEAL from the *Fayette* Circuit Court.

DAVISON, J.—This was a prosecution for gaming, founded on section 28, 2 R. S., 435, which provides that "every person who shall, by playing or betting at or upon any game or wager whatever, either lose or win any article of value, shall be fined," &c.   The information charges that one *Groff,* on, &c., at, &c., owned and kept a ten pin alley for hire, and .that *Mount,* the defendant, and one *Miller* then and there hired of *Groff* the use of the alley, to play one game of ten pins, for which they agreed to pay him 10 cents; and that in pursuance of said hiring, *Mount* and *Miller* then and there played said game of ten pins, by which *Mount* won of *Miller* 5 cents, the half of the hire of said alley, by then and there unlawfully betting and wagering with him the said 5 cents on the result of the game, contrary, &c.   Motion to quash overruled.   Plea, not guilty.   Finding for the state.   New trial refused, and judgment.

By agreement, the affidavit filed with the information was given in evidence on the trial, and was all the evidence in the cause.   It shows that *Mount,* on the 1st of *June,* 1855, at *Fayette* county, rolled at a game of ten pins with *Miller,* on the ten pin alley kept by *Groff,* on which he, *Groff,* charged 5 cents for each person rolling thereon, and by previous agreement, the one failing to knock the largest number of pins, was to pay *Groff* the liability of the other, for the use of the alley, such liability being 5 cents; that *Miller,* failing to knock the largest number of pins, the said *Mount* then and there unlawfully won of him, *Miller,* the value of 5 cents, the same being his, *Mount's,* liability to *Groff* for the use of the alley; which liability was, according to the rules of gaming on said alley, then and there paid by *Miller* to *Groff.*

For the reversal of this judgment, the appellant makes the following points:

1. That the affidavit shows a transaction different from that of the information; that by the one it appears that *Mount* and *Miller* each agreed to pay *Groff* 5 cents for the use of the alley, whilst the other avers that for the same use, they were jointly to pay 10 cents. There is no ground for this objection. Between the requirements of the affidavit and the information, there is an evident distinction. The former simply requires the "offence, and the person charged, to be set forth in plain and concise language;" but the latter must contain "a direct and certain statement of the facts constituting the offence." In other words, it must contain all the substantial requisites of an indictment at common law. 2 R. S., pp. 364, 367.— *The State* v. *Miles*, 4 Ind. R. 577. In this case, the variance relied on is in the statement of a fact connected with the offence, and not in the offence itself, because that consisted mainly in the betting and winning, which is alike stated in the affidavit and information. Our conclusion is this: the former must allege the same offence and person subsequently charged in the latter, but the information need not follow the affidavit in the manner in which it sets forth the particular facts which constitute the offence. The variance, therefore, between the agreement of the parties, each to pay 5 cents, and their joint undertaking to pay 10 cents, is not material.

2. It is said that "the proofs do not support the information; that the averment is a winning of 5 cents, the half hire of the alley, while the evidence shows that the defendant won the value of 5 cents, the same being his liability to *Groff.*" There is nothing in this objection. The proof is that the defendant won his liability to *Groff*, which was before shown to be 5 cents for the use of the alley. There is no substantial variance between the allegation and the proofs.

3. It is insisted that the information does not show a case within the statute. To constitute unlawful gaming, there must be a game played, and upon its result some article of value must be lost and won. Here was such game, and the only point of inquiry is, was any article of

value won by the defendant? His liability to *Groff* was paid by *Miller*, because, in the event of being unsuccessful, he had stipulated to pay it. This payment, though made to *Groff*, was for the use of the defendant; and the transaction was, in effect, the same as if the amount lost and won had been paid to the defendant instead of *Groff*, and he had received it from the defendant. We are referred to an authority wherein it is decided that playing for the rub, that is, for the hire of the alley, is not gaming within the law; that illegal gaming implies gain and loss between the parties, such as would excite a spirit of cupidity. *The People* v. *Sergeant*, 8 Cow. 139. But in view of our statute, we are not permitted to follow that decision, because the legislature have indicated a purpose in the above enactment to inhibit " all betting upon any game," in language too explicit to leave any room for construction. Whether the mere playing for the rub would or would not "excite a spirit of cupidity," is not for us to inquire. It is enough that there has been a game played, and that the defendant has won that which is of value. *Walker* v. *The State*, 2 Swan's Tenn. R. 287.

*Per Curiam.*—The judgment is affirmed with costs.

*B. F. Claypool, G. Trusler, S. W. Parker* and *J. C. McIntosh*, for the appellant.

*J. Marshall*, for the state.