Nov. Term, 1859.

LONG
v.
THE STATE.

*Thursday, December* 22.

(1) *Ante*, 545.

---

### LONG *v.* THE STATE.

In an information or indictment for gaming, the amount or value of the article lost or won, should be set forth with certainty, in order, among other things, that it may appear what amount of fine may be assessed, under the

statute, that fact being necessary to enable the Court to determine what tribunal has jurisdiction of the offense.

Nov. Term, 1859.

LONG
v.
THE STATE.

APPEAL from the *Howard* Court of Common Pleas.

WORDEN, J.—Information for gaming. Motion to quash overruled, and exception. Trial, conviction, and judgment.

*Thursday, December 22.*

The information charges that the defendant "did win of and from *John Hass, George Pearson,* and others unknown, the sum of twenty-five cents each, by playing at and upon a game of cards," &c.

The prosecution is predicated upon the act of 1857 (Acts of 1857, p. 97), by which the punishment is fixed at a fine of not less than the value, nor more than twice the value of the article lost or won.

By the revised code (2 R. S. p. 497, § 3), justices of the peace have "exclusive, original jurisdiction in all cases where the fine assessed cannot exceed three dollars."

The sums won from *Hass* and *Pearson* are not sufficient in amount to warrant a fine of more than a dollar, hence the Common Pleas had no jurisdiction, unless the charge of winning the same amount from "others unknown," is sufficient to aid the defect. This, we think, is not the case. The defendant might have won the same amount from each of two, three, or even four others, without subjecting himself to a fine which should exceed three dollars.

The amount lost or won should be set forth with certainty, in order that the amount of the fine may be determined, in accordance with the statute. Here there is no certainty, except as to the sums won from *Hass* and *Pearson,* which, we have seen, was not sufficient to confer jurisdiction.

The information is defective, and the motion to quash should have prevailed.

*Per Curiam.*— The judgment is reversed. Cause remanded, &c.

*J. Green* and *T. J. Harrison,* for the appellant.