CARR *v*. THE STATE.

CRIMINAL LAW.—*Keeping Billiard Table.—Indictment.*—An indictment does not charge the offence of being the keeper of a billiard table within the meaning of sec. 74, 2 G. & H. 477, which does not allege that the table was kept for the purpose of wagering any article of value thereon.

SAME.—*Keeping Gaming House.—Indictment.—Evidence.*—On the trial of an indictment charging the defendant with keeping his house to be used for gaming, the only evidence as to wagering was, that persons played upon a

Carr *v.* The State.

billiard table and the loser paid for the use of the table twenty or twenty-five cents, and the only charge in the indictment which this evidence sustained was the charge that persons were permitted to play, etc., and bet and wager upon the result of the games "the hire of said billiard table."
*Held*, that the evidence was insufficient, as it sustained only a part of the charge which was not well made.

From the Benton Circuit Court.

*R. P. De Hart* and *J. R. Coffroth*, for appellant.

*C. A. Buskirk*, Attorney General, *R. D. Doyle*, and *S. P. Thompson*, Prosecuting Attorney, for the State.

WORDEN, J.—Indictment against the appellant, charging that he, on, etc., at, etc., " did then and there unlawfully keep and suffer to be kept a certain building, room, and tenement, then and there owned and occupied by the said Michael Carr as his house, room, and tenement, to be used for gaming ; and the said Michael Carr did then and there unlawfully keep and suffer to be kept in said building, room, and tenement a certain gaming apparatus, called a billiard table, and did then and there unlawfully suffer and permit John F. Hawkins, John Cosgrove, Michael Carr, Joseph Austill, Eli Samden, Napoleon Carifel, Joseph Gravel, William H. Ennis, and divers other persons to the grand jurors unknown, to then and there, and on divers other days between said day and the day of making this presentment, to play and bet at a certain game called billiards, played upon said billiard table, and to bet and wager upon the result of the games so played the hire of said billiard table, cigars, beer, whiskey, and divers other articles of value, contrary," etc.

A motion to quash the indictment was overruled, and the defendant excepted. Trial by jury, verdict of guilty, and judgment, the defendant having unsuccessfully moved for a new trial.

The overruling of the motion to quash is assigned for error.

It is urged that the indictment is double, charging the keeping of a gaming house within sec. 29 of the act defining misdemeanors, etc., and the keeping of a billiard table within the

meaning of sec. 74 of the same act. 2 G. & H. 466, 477. We are of opinion, however, that no offence is charged in the indictment within the meaning of sec. 74, as it is not alleged, as required by that section, that the table was kept "for the purpose of wagering any article of value thereon." The indictment is, therefore, not double, as embracing the two offences described in the two sections referred to.

On the trial, it was proved to be the rule and general understanding that when persons played billiards on the table, the person losing the game paid for the use of the table. It was proved that persons played, and that the loser paid for the use of the table twenty or twenty-five cents. There was no evidence whatever that any one had ever played for "cigars," "beer," "whiskey," or "other articles of value."

We are of opinion, therefore, that on the evidence the appellant was entitled to a new trial. The only charge sustained by the evidence is, that persons were permitted to play and bet and wager upon the result of the games "the hire of said billiard table." The evidence wholly fails to establish the other parts of the charge in the indictment, viz., that bets and wagers were permitted of cigars, beer, whiskey, etc. To constitute gambling, some "article of value" must be lost or won, and the penalty prescribed is a fine of not less than the value, nor more than twice the value, of the article lost or won. 2 G. & H. 465, sec. 28. In a prosecution for gambling, the value of the article lost or won must be stated. *Long* v. *The State,* 13 Ind. 566. The allegation that the appellant permitted persons to bet and wager "the hire of said billiard table" is too indefinite and uncertain to constitute a valid charge, and had the indictment contained no other charge, it should have been quashed. Looking to the indictment alone, we cannot say that "the hire of said billiard table" was of any value whatever, for we are not advised of what the hire consisted, whether of money, patronage of the establishment, or other thing. The word "hire" signifies a reward, recompense for the use of a thing ; and this is the sense in which it seems to have been used in this instance. But the indictment

does not show that the reward or recompense had any value, for it does not show of what it consisted.　If the courts would take judicial notice that such things as " cigars, beer, and whiskey " have value, still the evidence, as we have seen, fails to establish the charge in respect to these things.　The evidence, then, only sustains that part of the charge which is not well made.　This view renders it unnecessary for us to determine whether or not persons are gambling, within the meaning of the law, when they play at billiards with an understanding, tacit or expressed, that the loser is to pay for the use 'of the table ; or whether a person keeping a house and suffering such playing therein is keeping a gambling house.　See, on this point, the following cases : *The People* v. *Sergeant*, 8 Cow. 139 ; *State* v. *Records*, 4 Harring. Del. 554 ; *The State* v. *Hall*, 32 N. J. 158 ; *Ward* v. *The State*, 17 Ohio St. 32 ; *The State* v. *Leighton*, 3 Fost. N. H. 167 ; *Harbaugh* v. *The People*, 40 Ill. 294 ; *Blanton* v. *The State*, 5 Blackf. 560 ; *Mount* v. *The State*, 7 Ind. 654 ; *The State* v. *Hope*, 15 Ind. 474 ; *Crawford* v. *The State*, 33 Ind. 304.

　　The judgment below is reversed, and the cause remanded for a new trial.