BARTENDER *v.* THE STATE.

CRIMINAL LAW.—*Variance.*—Indictment under the act of March 8th, 1873, Acts 1873, Reg. Sess. 30, charging the defendant with having the care and management of a pigeon-hole table, and suffering and allowing a person named, under the age of twenty-one years, to play a game of pigeon-hole thereon with another person named, said table not being kept or used in a private family. On the trial, it was proved that the table on which the game in question was played was not a pigeon-hole table, but was a Jenny Lind table; and the two kinds of tables and the games played thereon were shown to be substantially different.

*Held*, that there was a fatal variance.

From the Marion Criminal Circuit Court.

*G. H. Chapman*, *U. J. Hammond* and *J. J. Hawes*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

DOWNEY, J.—The appellant was indicted without any surname. We have, for convenience, given him one, drawn from his occupation. No question is made as to the name. He was charged with having the care and management of a pigeon-hole table, and suffering one Allen H. Bailey, a person under the age of twenty-one years, to play a game of pigeon-hole on the said table, with one Thomas B. Bailey, the said table not then and there being kept or used in a private family. No question is made as to the sufficiency of the indictment. On the trial, it turned out, according to the evidence, that the table on which the game was played was not a pigeon-hole table, but was a Jenny Lind table. Diagrams or representations of the two kinds of tables are in the record, and they appear to us to be substantially different, and the games played thereon seem to be played in a substantially different manner. A witness who testifies as an expert says: A Jenny Lind table is an entirely different article from a pigeon-hole table or a billiard table. The game of pigeon-hole, he says, cannot be played on a Jenny Lind table; nor can the game of billiards be played upon a Jenny Lind table. The construction and mechanism of these tables are different the one from the other, and the game of pigeon-hole is played differently and counted differently from the game of Jenny Lind. The game of pigeon-hole is played with ivory balls and with cues, and the game of Jenny Lind is played with the same implements. In the game of pigeon-hole, the balls go into the pigeon-holes, or compartments, at the end of the table, while in that of Jenny Lind the balls go into round holes in the bed of the table. The method of the game is different.

We are to decide whether the variance between the allegation and the evidence is fatal or not.

The statute on which the indictment is founded is the act of March 8th, 1873. Acts 1873, Regular Session, p. 30. It mentions billiard table, bagatelle table and pigeon-hole table, but does not mention Jenny Lind tables. In our opinion, the variance is material and fatal. In *Windsor* v. *The Commonwealth*, 4 Leigh, 680, the defendant was charged with playing " at cards, to wit, the game of *all fours*, the game of *loo*, and the game of *whist*," at, etc. The defendant requested that the jury should be directed by the court below that it was necessary, to convict the defendant, that the jury should be satisfied that he played at some one of the games specified in the indictment, which the court refused to do. This refusal was held by the Court of Appeals to be an error. The learned judge who delivered the opinion said : " The games charged to have been played became essential ingredients in the offence itself, and could not be rejected as unnecessary or as surplusage."

In *Thrasher* v. *The State*, 6 Blackf. 460, the charge was, that the defendant suffered his mare to be run in a race, and the evidence disclosed that the animal run was a horse, and the variance was held fatal to the case of the State.

The court said : " We feel constrained by the weight of authority to say that the testimony does not support the charge in the indictment. The averment in the indictment as to the kind of animal that was suffered to be run is descriptive, and must be proved as laid. The authorities are too numerous, and have been too long acquiesced in, to be disturbed."

The court cite *Rex* v. *Chalkley*, Russ. & Ry. 258 ; *Rex* v. *Beaney*, Russ. & Ry. 416 ; *Rex* v. *Loom*, 1 Moody, 161. This case was approved and followed in *Conway* v. *The State*, 4 Ind. 94.

There is another deficiency in the evidence urged by counsel for appellant ; but we need not consider it, as the judgment must be reversed, for the reason already stated.

The judgment is reversed, and the cause remanded, with instructions to grant a new trial.