## WILLIAMS *v.* THE CITY OF WARSAW.

CITY.—*Gaming.—Statute Construed.*—The words "game" and "gaming," as used in specifications 9 and 14 of section 53 of the act authorizing the incorporation of cities, 1 R. S. 1876, p. 267, are used in the sense in which they are employed in the criminal code of this State, as meaning a game upon the result of which something of value is staked, and must be lost and won.

SAME.—*Ordinance Prohibiting Gaming.—Suffering Minor to Play.*—An ordinance of a city incorporated under such act, prohibiting the owner or attendant of a place where intoxicating liquor is sold, from allowing a minor "to participate in any game of any kind whatever," in such place, must be construed, under section 53, *supra*, as referring to "any game" upon the result of which a wager depends.

SAME.—*Action for Violation of Ordinance.—Pleading.*—A complaint by such city, for a violation of such ordinance, must allege that the game played by the minor was one upon the result of which a wager was made.

SAME.—*Game for Amusement.*—Suffering a minor to play a game of billiards in such place, for mere amusement and without a wager, is not a violation of such an ordinance.

SAME.—*Ordinance Punishing for a Crime.*—A city may be authorized by statute to provide by ordinance for the punishment of an act already punishable by the criminal law of this State.

From the Kosciusko Circuit Court.

*J. D. McClaren,* for appellant.

*H. S. Biggs* and *E. J. Greene,* for appellee.

PERKINS, J.—The act for the incorporation of cities, 1 R. S. 1876, p. 267, empowers them, severally, to enforce ordinances: "To suppress gaming and gaming houses, and houses of ill-fame, to prohibit and destroy instruments and devices of gaming, and restrain fraudulent practices within the said city; * * *" and,

"To regulate and restrain all tables, alleys, machines, devices or places of any kind for sports or games, kept for hire or pay, or to prohibit the use of the same, as aforesaid, if deemed expedient, without a license being first obtained therefor; and if deemed necessary, to preserve peace, good order and morality, to prohibit the use of the same," etc.

The city council of Warsaw passed an ordinance containing this section, viz.:

" Sec. 19. That it shall be unlawful for any person owning, controlling or attending to any place within said city, wherein spirituous, vinous or malt liquors are kept or offered for sale, to give, barter or sell, or suffer or allow any person to give, barter or sell, to any minor or minors, any spirituous, vinous or malt liquor; nor shall any such person or persons allow or permit any minor or minors to participate in any game of any kind whatever about his or their premises. Any persons violating any of the provisions of this section, or any clause thereof, shall, upon conviction thereof, be fined therefor in any sum not to exceed fifty dollars, and, at the discretion of the Mayor, be imprisoned in the city prison or county jail not to exceed thirty days."

Under this section of the ordinance, the appellee sued the appellant.

The complaint in this case was as follows:

" The city of Warsaw, plaintiff, complains of David Williams, defendant, and says: that said David Williams, at and within the city of Warsaw, in the county of Kosciusko and State of Indiana, on the 30th day of July, 1875, was then and there the keeper of, and owned and controlled, a certain saloon, and the premises upon which the same is located, in said city, where intoxicating liquors are, and were then and there, sold and kept and offered for sale, and the said David Williams did then and there unlawfully permit and allow one William T. Tennant to play and participate in a certain game with one William Augustine and one James Tennant, to wit: a game of fifteen ball pool, in his said saloon and upon his said premises, he, the said William T. Tennant, being then and there a person under the age of twenty-one years; this in violation of the 19th section of an ordinance of said city, passed by the common council thereof on the 15th day of May, 1875, and thereafter duly published two weeks

consecutively in a newspaper printed in said city. Wherefore the plaintiff demands judgment for fifty dollars, and all other and further proper relief.

"E. J. GREENE, City Att'y."

The complaint was verified by affidavit. The sufficiency of the complaint was tested by a motion to quash, and by a demurrer, both of which were overruled.

The cause was tried by a jury, who found for the plaintiff in the sum of fifty dollars, for which sum, over a motion for a new trial, judgment was rendered.

We take it, that the section of the ordinance above set out was passed by virtue of authority supposed to be conferred upon the city by the clauses of the act for the incorporation of cities, quoted in this opinion. If so, the complaint in this suit does not make a case under that ordinance, properly construed. It does not aver that the game played was for a wager. The clauses of the act for the incorporation of cities, under which the ordinance was passed, use the terms "game" and "gaming" in the sense in which they are used in the criminal code, as meaning a game upon the result of which something of value is staked, and must be lost and won. *Carr* v. *The State,* 50 Ind. 178; *Crawford* v. *The State,* 33 Ind. 304; *The State* v. *Hope,* 15 Ind. 474. See *Bickel* v. *Sheets,* 24 Ind. 1; *Mount* v. *The State,* 7 Ind. 654.

The complaint in this case was drawn upon the theory that the permitting of a minor to play a game of billiards for mere amusement, on which nothing was wagered, was rendered penal by the ordinance. In our opinion, such should not be the construction given to it. *Bickel* v. *Sheets, supra.* We regard the clauses of the act for the incorporation of cities, under which the section of the ordinance in question was passed, as part of the system, if we may so call it, of the legislation of the State for the suppression of gambling.

The demurrer to the complaint should have been sustained.

Nor was there any evidence on the trial, showing that any thing was wagered upon the result of the game permitted in this case to be played. The weight of authority, it may be observed, would seem to be, that playing for the " Rub " is not gambling, between the players; though keeping the table, to be used by them on condition of paying the " Rub " to the keeper for the use of the table, would be keeping it for hire. See the authorities cited in *Carr* v. *The State, supra.* It is not necessary that we should here decide the point. A city may be authorized to provide by ordinance for the punishment of an act already punishable by the criminal law of the State. *Ambrose* v. *The State,* 6 Ind. 351.

Another point is made: The appellant was tried by a jury. He challenged, for cause, two of the panel, who were tax-payers of the city of Warsaw, and therefore, as was claimed, interested. The court disallowed the challenge. In this, it is claimed that the court erred. There are many authorities sustaining the ruling of the court. *Corwein* v. *Hames,* 11 Johns. 76; *Thomas* v. *The Town of Mt. Vernon,* 9 Ohio, 290; *Commonwealth* v. *Ryan,* 5 Mass. 90; *Commonwealth* v. *Emery,* 11 Cush. 406; Dillon Mun. Corp., sec. 360.

But it is not necessary that we should decide the point in this case.

Reversed, with costs, and the cause remanded.