### SQUIER *v.* THE STATE.

CRIMINAL LAW.—*Suffering Minor to Play Billiards.—Fifteen-Ball Pool.— Variance.*—The evidence showing them to be entirely different games, though both played with billiard balls on a billiard table, proof that the defendant allowed the minor to play a game of fifteen-ball pool will not authorize a conviction on an indictment for suffering a minor to play a game of billiards.

From the Steuben Circuit Court.

*J. K. Morrow,* for appellant.

*T. W. Woollen,* Attorney General, and *G. B. Adams,* Prosecuting Attorney, for the State.

WORDEN, C. J.—This was an indictment of the appellant for suffering a minor to play at billiards.

Motion to quash overruled; trial by the court and conviction, a new trial having been refused.

Objections are made to the indictment, but no question as to its sufficiency is properly presented here. No exception appears to have been taken to the overruling of the motion to quash; no motion in arrest of judgment was made; nor is error assigned upon the overruling of such motion in arrest; nor is it assigned for error that the indictment does not state facts sufficient to constitute an offence.

We proceed to the case made by the evidence. The ap-

pellant, as has been said, was indicted for permitting the minor to play billiards, the indictment being based upon the following statutory provison.

"Be it enacted," etc., " That if any person owning or having the care, management, or control of any billiard table, bagatelle table or pigeon hole table, shall allow, suffer or permit any minor to play billiards, bagatelle or any other game at or upon such table or tables, he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall, for each game so allowed, suffered or permitted to be played, be fined in any sum not less than five dollars nor more than fifty dollars." 2 R. S. 1876, p. 484, sec. 1.

The game which the appellant suffered the minor to play was shown by the evidence to have been called " pool," or, perhaps, " fifteen-ball pool." And we think it was clearly enough shown that the game thus played is not strictly, nor in ordinary parlance, a game of billiards. The game of pool, it would seem, might be played upon the old style of billiard table having pockets, but not upon the modern pocketless tables. The game played in this case was played with fifteen balls, while billiards is played with three or four balls only.

We shall not enter into a minute description of the two games, billiards and fifteen-ball pool, as shown by the evidence, in order to show the difference between them. It is sufficient to say, that, in our opinion, the evidence shows them to be different games, each having a name which distinguishes it from the other. We can not concur with the counsel for the State, in the proposition, as we understand their brief, that the word " billiards " should be regarded as a generic term, broad enough to cover any game that may be played upon a billiard table. It seems to us that the word should be construed in its ordinary sense, as it is commonly understood, and not to include a game commonly known, not by that name, but by another. If playing

cards were an indictable offence, a man indicted for play-
ing whist could hardly be convicted on proof that he played
euchre, though both games are played with cards.

The word billiards, as used in the indictment, is descrip-
tive of the kind of game which the appellant is alleged to
have suffered the minor to play; and the variance between
the allegation in this respect and the proof is, in our opin-
ion, fatal. *Bartender* v. *The State,* 51 Ind. 73.

The judgment below is reversed, and the cause remanded
for further proceedings.