Sumner v. The State.

No. 9293.

## SUMNER v. THE STATE.

CRIMINAL LAW.— *Gaming Table.— Indictment.— Evidence.— Variance.*— Under an indictment charging the defendant with keeping and exhibiting a pool table for the purposes of gaming, evidence that he kept a billiard table and not a pool table is a fatal variance.

SAME.—*Statute Construed.—Evidence.*—The clause, "for the purpose of wagering," in section 74, 2 R. S. 1876, p. 480, making it a misdemeanor for one to keep a gaming table, means "for the purpose of" (himself) "wagering," and not for the purpose of permitting others to wager thereon; and where, in a prosecution under said section, the evidence fails to show that the defendant kept or exhibited the table for the purpose of wagering thereon, or that he ever did wager thereon, though he permitted others to do so, it is insufficient to warrant a conviction.

SAME.—A criminal statute will not be extended by construction beyond what its terms fairly import.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short*, for appellant.

*D. P. Baldwin*, Attorney General, *S. O. Pickens*, Pros-ecuting Attorney, and *W. W. Thornton*, for the State.

WORDEN, J.—An indictment was found against the appellant in the court below, charging that "at said county of Greene, on the 15th day of January, 1880, and on divers other days and times between that day and the day of making this presentment, one William Sumner was unlawfully the keeper and exhibitor of, and did then and there unlawfully keep and exhibit, a certain gaming table, commonly known as a pool table, for the purpose of wagering articles of value upon the result of games played thereon, contrary," etc. On trial of the cause, the defendant was convicted and fined, a motion made by him for a new trial having been overruled.

The evidence is in the record, from which it appeared that the defendant kept a billiard table, but none that he kept a pool table. The variance would seem to have been fatal. *Bartender* v. *The State*, 51 Ind. 73; *Squier* v. *The State*, 66 Ind. 317, 604.

But there is another and more substantial point, in respect to which the evidence was radically defective. To say the most of the evidence favorable to the State, it tended to show that the appellant kept a billiard table on which he suffered third persons to play billiards, they paying him for the use of the table, the loser of the game sometimes paying for the use of the table. Whether or not the persons thus playing, with an understanding that the loser of the game should pay for the use of the table, were gambling, is a question which we need not decide, and one upon which the authorities are not uniform. See some authorities upon this point collected in the case of *Carr* v. *The State*, 50 Ind.

178, 181. The indictment in the present case is based upon the following statutory provision:

"Every person who shall be the keeper or exhibitor of any gaming table, roulette, shuffle-boards, faro bank, nine-pin alley, or billiard table, or any other gaming apparatus, for the purpose of wagering any article of value therein, shall be fined not exceeding one thousand dollars, to which may be added imprisonment not exceeding six months." 2 R. S. 1876, p. 480, sec. 74.

The person guilty under the above provision must have kept or exhibited the gaming apparatus "for the purpose of wagering," etc. This language clearly means, "for the purpose of" (himself) "wagering," and not for the purpose of permitting others to wager thereon. A criminal statute will not be extended by construction beyond what its terms fairly import.

The evidence entirely fails to show that the appellant kept or exhibited the table for the purpose of wagering thereon, or that he ever did wager thereon, though he may have permitted others to do so.

The judgment below is reversed, and the cause remanded for a new trial.