No. 11,977.

## ALEXANDER v. THE STATE.

CRIMINAL LAW.—*Gaming.*—*Evidence.*—A charge in an indictment, that the defendant played a game of pool upon a pool table with another person, and thereby won money from him, is sustained by proof that the parties played under an arrangement that the losing party should pay the owner of the table the amount charged for the use of it, and that the defendant won the games, and the other party paid for them.

SAME.—It is not necessary to prove the winning of the whole amount. charged in the indictment.

From the Henry Circuit Court.

*J. Brown* and — *Brown*, for appellant.

*F. T. Hord*, Attorney General, *G. W. Duncan*, Prosecuting Attorney, and *W. O. Barnard*, for the State.

ZOLLARS, C. J.—Section 2081, R. S. 1881, provides that "Whoever, by playing or betting at or upon any game or wager, or upon the result of any game, * * * either loses or wins any article of value, shall be fined," etc. The indictment upon which appellant was convicted is based upon this statute, and charges that he played a game of pool upon a billiard and pool table with one Koons, and thereby won from him one dollar in lawful money, etc.

The testimony is that these parties, at the time and place charged, played several games of pool; that the proprietor of the table charged five cents per cue, or five cents for each person engaged in each game, in this instance ten cents per game, and that in each game the person who lost it was to pay, and did pay, for both cues, or the game, which was the same thing, and that appellant won several of the games for which Koons paid.

It is conceded that it is not necessary to prove the winning of the whole amount charged in the indictment. The contention is, that as the loser was to pay, and did pay, to the proprietor of the tables, the charge for the game, instead of paying that amount to the successful party, the proof does

not sustain the charge in the indictment that appellant won money from Koons.

The purpose of the statute is to suppress gaming in all its varied forms, and it should have such a reasonable construction and application as to accomplish that purpose. To adopt a theory so refined as that advanced by appellant would enable parties, by ingenious arrangements, not only to thwart the purpose of the statute, but to avoid it altogether. The arrangement here was just as much gaming as if the losing party had agreed to pay, and had paid, to the successful party the amount charged for the game, and he had paid it over to the owner of the table.

To whom the money was directly paid was not so material as the fact that the game decided who should pay it, and who should profit by the payment. If appellant had lost the games, he would have lost the amount charged for them. He won the games and thereby won the amount charged for them, or at least one-half of that amount. At the end of each game he was ten cents better off than if he had lost the game, and he was five cents better off than he would have been, if, without any chance or hazard, each party had paid for his cue. That he did not actually handle the money, it seems to us, can make no difference.

The case of *Mount* v. *State*, 7 Ind. 654, was under section 28, 2 R. S. 1852, p. 435, which is substantially the same as section 2081, *supra.* There, as here, the losing party was not to pay the money over to the winning party, but was to pay the amount charged for the game to the owner of the ten-pin alley. It was contended that the case was not within the statute. In meeting that contention the court said:

"To constitute unlawful gaming, there must be a game played, and upon its result some article of value must be lost and won. Here was such game, and the only point of inquiry is, was any article of value won by the defendant? His liability to Groff" (the owner of the alley) " was paid by Miller," (the losing party,) " because, in the event of being unsuc-

cessful, he had stipulated to pay it. This payment, though made to Groff, was for the use of the defendant; and the transaction was,in effect, the same as if the amount lost and won had been paid to the defendant instead of Groff, and he had received it from the defendant."

Section 2079, R. S. 1881, is similar to section 2081, *supra*, except that it has reference to the owner of buildings, etc., kept and used for gaming. This section is substantially the same as section 29, 2 R. S. 1876, p. 469, under which it has more than once been held that facts similar to the facts in this case make a case of gaming within the inhibition of the statute. See the well considered case of *Hamilton* v. *State*, 75 Ind. 586, and cases there cited. These adjudications are authority here, and support our conclusion that the evidence sustains the charge in the indictment, and makes a case under the statute.

The judgment is affirmed with costs.

