STATE OF IOWA, Appellant, v. CHRIS JOHNSON and JENS HANSEN.

Criminal Law: MINORS: *Billiard hall.* One permitting minors to be in a room where he sells cigars, candy, and peanuts, and keeps two billiard tables, on which people generally are permitted to play pool at a fixed fee per game, violates Code, section 5002, prohibiting the keeper of a billiard hall from permitting minors to remain therein.

*Appeal from Palo Alto District Court.*—HON. W. B. QUAR-
TON, Judge.

TUESDAY, MAY 9, 1899.

THE defendants are accused of maintaining a public
billiard hall, in which minors were permitted to remain and
take part in playing billiards. The court directed a verdict
of acquittal on which judgment was entered. The state
appeals.—*Reversed.*

*Milton Remley,* Attorney General, and *John Menzies,*
County Attorney, for the State.

*Thomas O'Connor* for appellees.

LADD, J.—It may be conceded that the game of billiards
is essentially different from that of pool, and that, in allowing
minors to engage in the latter game, the law was not violated.
See *Squire v. State,* 66 Ind. 317; *Sikes v. State,* 67 Ala. 77.
But, when engaged in the game they remained in the defend-
ants' room, containing two tables on which either game might
be played. It is quite immaterial whether the minor indulges
in any game whatever. If he is permitted to enter the room
and remain therein for any purpose, and that room is a bil-
liard hall, the keeper is amenable to the penalties of the law.
This is evident from the reading of the statute: "No person
who keeps a billiard hall, beer saloon, or nine or ten pin alley,
nor the agent, clerk, or servant of any such person, nor any
person having charge or control of any such hall, saloon or
alley, shall permit any minor to remain in such hall, saloon or
alley, or take part in any of the games known as billiards,
nine or ten pins." Code, section 5002. If the games be
different, both are played on tables which are invariably
described by the lexicographers as billiard tables of four or
six pockets or without pockets, and these fix the character of
the room in which they are kept. Thus the Century Dic-

tionary defines "pool" as "a game played on a billiard table with six pockets." The Standard Dictionary, "One of the various games played on a six pocket billiard table." It is treated in Webster's International Dictionary and the Encyclopedia Britannica as a kind of billiards. We readily defer to the supreme court of Indiana in distinguishing between the games to be played on the table; but the definition of the lexicographers and encylopedias, to the effect that, whatever the game, the pocketed and pocketless are alike billiard tables, cannot be ignored. The term "pool room" also has a well-understood meaning as a gambling resort. If properly applied to such a place as defendants', this will not defeat the purpose of the statute. It is not so important what the place was called as what it really was. Two billiard tables on which people generally were permitted to play pool at a fixed fee per game were kept in a room by defendants, and, notwithstanding the incidental sale of cigars, candy and peanuts, they constituted it a billiard hall within the meaning of the law. We are more inclined to this view because of the enactment of the statute, of which that in the Code is a copy, in 1874, when all tables in common use had pockets. All such resorts were then known as billiard halls, regardless of the games played, and we think that is still the ordinary designation, notwithstanding subsequent improvement in the construction of tables.—REVERSED.