I AM WRITING IN RESPONSE TO YOUR REQUEST FOR GUIDANCE FROM THIS OFFICE CONCERNING THE POWER OF TWO OR MORE OF THE COMMISSIONERS TO INSTRUCT THE GENERAL ADMINISTRATOR TO TERMINATE AN ATTORNEY OR AN ADMINISTRATIVE LAW JUDGE DUE TO LACK OF CONFIDENCE IN HIS OR HER COUNSEL OR ADVICE.
IN SENATE BILL 799, CODIFIED AS 17 O.S. 32 (1990), THE LEGISLATURE EXPLICITLY VESTED THE GENERAL ADMINISTRATOR WITH THE AUTHORITY OVER THE "SUPERVISION AND CONTROL OF ALL COMMISSION EMPLOYEES EXCEPT FOR THE ADMINISTRATIVE AIDE AND EXECUTIVE SECRETARY FOR EACH COMMISSIONER." UNDER THIS BROAD STATUTORY LANGUAGE, THE GENERAL ADMINISTRATOR IS IN CHARGE OF ESSENTIALLY ALL PERSONNEL DECISIONS OF THE CORPORATION COMMISSION. IT NECESSARILY FOLLOWS THAT THE TERMINATION OF AN ATTORNEY OR AN ADMINISTRATIVE LAW JUDGE WOULD FALL WITHIN THE DEFINITION OF "SUPERVISION AND CONTROL" OF THESE EMPLOYEES.
THE NEXT LOGICAL QUESTION IS WHETHER OR NOT SECTION 32 OF TITLE 17, WHICH ARGUABLY CHANGES THE POWERS AND DUTIES OF THE COMMISSIONERS, IS CONSISTENT WITH THE CONSTITUTIONAL LANGUAGE GOVERNING THE COMMISSION. ARTICLE IX, SECTION 35 OF THE OKLAHOMA CONSTITUTION GIVES THE LEGISLATURE THE AUTHORITY TO ALTER, AMEND, REVISE OR REPEAL ARTICLE IX, SECTION 18 THROUGH ARTICLE IX, SECTION 34 OF THE CONSTITUTION. THESE SECTIONS DESCRIBE THE POWERS AND DUTIES OF THE CORPORATION COMMISSION. SECTION 32 OF TITLE 17 DID NOT PURPORT TO AMEND THE CONSTITUTION AND IT COULD BE ARGUED THAT THE NEW STATUTE COULD IMPAIR THE COMMISSION'S ABILITY TO ACT.
THE OKLAHOMA SUPREME COURT HAS LONG HELD THAT CHANGES OF CORPORATION COMMISSION AUTHORITY BY THE LEGISLATURE NEED ONLY COMPLY WITH THE PROVISIONS OF ARTICLE IX, SECTION 35 IF THOSE EXTENSIONS OF POWER ARE INCONSISTENT WITH THE COMMISSION'S CONSTITUTIONAL POWERS. SEE, ATCHINSON. TOPEKA 
SANTA FE RY. CO. V. STATE, 683 P.2D 974 (OKLA. 1984). IT SEEMS LIKELY THAT THE SAME REASONING WOULD BE APPLIED TO ANY ARGUABLE CURTAILMENT OF COMMISSION POWERS.
IT MAY BE POSSIBLE TO FORMULATE AN ARGUMENT THAT BY VESTING SOLE ADMINISTRATIVE CONTROL FOR EMPLOYMENT DECISIONS IN THE HANDS OF THE GENERAL ADMINISTRATOR, ESPECIALLY DECISIONS REGARDING PERSONNEL LIKE ATTORNEYS AND ADMINISTRATIVE LAW JUDGES WHO ARE SO INTEGRAL TO THE FUNCTIONING OF THE COMMISSION, THAT THE LEGISLATURE HAS EFFECTIVELY CURTAILED THE POWERS OF THE COMMISSION IN A WAY INCONSISTENT WITH THE COMMISSION'S CONSTITUTIONAL AUTHORITY. I THINK, HOWEVER, THAT GIVEN THE PRESUMPTION OF CONSTITUTIONALITY WHICH ATTACHES TO EACH LEGISLATIVE ENACTMENT AND THE TONE OF PRIOR DECISIONAL LAW, THIS TYPE OF ARGUMENT WOULD LIKELY BE INSUFFICIENT TO DEFEAT THE STATUTE.
IT IS MY CONCLUSION THAT 17 O.S. 32 (1990), VESTS THE POWER FOR TERMINATION OF ATTORNEYS AND ADMINISTRATIVE LAW JUDGES IN THE HANDS OF THE GENERAL ADMINISTRATOR, NOT THE COMMISSIONERS IN MY VIEW IT WOULD CERTAINLY BE PERMISSIBLE FOR COMMISSIONERS TO VOICE THEIR CONCERNS ABOUT PERSONNEL WITH THE ADMINISTRATOR, BUT THE COMMISSIONERS MAY NOT "DIRECT" THE ADMINISTRATOR TO TAKE SPECIFIC ACTION. I REMIND YOU THAT THIS IS THE OPINION OF THE UNDERSIGNED ATTORNEY, AND DOES NOT CONSTITUTE A FORMAL OPINION OF THE ATTORNEY GENERAL. PLEASE FEEL FREE, HOWEVER, TO CONTACT ME IF YOU HAVE ANY QUESTIONS.
(THOMAS L. SPENCER)