May Term, 1841.

BLANTON v. THE STATE.

*C. C. Nave,* for the plaintiffs.

---

BLANTON v. THE STATE.

The keeper of a billiard table, though he do not play on it himself for money nor suffer others to do so, yet if, for a stipulated compensation per game, he allow any persons to use it, he is liable to an indictment.

*Monday, May 31.*

ERROR to the *Tippecanoe* Circuit Court.

DEWEY, J.—Indictment for keeping a billiard table for the purpose of gain. Trial by the Court with the consent of the parties upon the plea of not guilty. Judgment of conviction.

It was proved on the trial, that the defendant below was the keeper of a billiard table at the time and place laid in the indictment; that he did not play upon it himself for money, nor suffer others to do so, but allowed any persons to use it for amusement, for which he received a stipulated compensation per game.

It is contended, that upon this evidence the defendant should have been acquitted.

The prosecution is founded upon the 64th section of the statute relative to crime and punishment, which provides, that every keeper of certain establishments (among which is a billiard table) "for the purpose of winning or gaining money, or any other article or property of value, either directly or indirectly, shall upon conviction thereof be fined," &c. R. S. 1838, p. 218. The offence created by this enactment consists in keeping the prohibited establishment for the purpose of direct or indirect gain. The evil designed to be remedied or prevented, is the corruption of public morals inseparable from a general habit of gaming, or consequent upon spending too much time and money upon mere amusement. A billiard table open to all comers—admitting the

possibility of excluding gaming from it—is a strong tempta- <span style="float:right">May Term, 1841.</span>
tion to the perversion of valuable time by the young and
unreflecting portion of the community, and if paid for by the <span style="float:right">Wilcox v. Ratliff.</span>
game at a price less than that denoted by the evidence in
this cause, may be the means of squandering no inconsidera-
ble amount of money.  The most mitigated effects of such
an establishment cannot but be deleterious to the morals of
the neighbourhood in which it is situated.  We think the
evidence brings the case within the letter and spirit of the
statute, and that the defendant was rightfully convicted.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Pettit*, for the plaintiff.

*W. J. Peaslee*, for the state.