Nov. Term,
1860.

THE STATE
v.
HOPE.

*J. H. Baker* and *J. A. Liston*, for appellant.

---

## THE STATE v. HOPE.

Indictment under § 38 of the Crimes' Act, for unlawfully and feloniously keeping and maintaining, for the purpose of thereby gaining money and articles of value, a gaming apparatus, known as a billiard table, and suffering and procuring a certain person to play the game of billiards thereon, receiving money therefor, &c.

*Held,* that as the keeping of a billiard table, for the purpose of wagering any article of value thereon, is specially prohibited by § 74 of the act defining misdemeanors, it must be held that such tables are not within the meaning of § 38 of the Crimes' Act.

Nov. Term, 1860.

———

THE STATE.
v.
HOPE.

Friday,
January 25.

APPEAL from the *Wayne* Circuit Court.

HANNA, J.—*Hope* was indicted for "unlawfully and feloniously keeping and maintaining, for the purpose of thereby gaining money and articles of value, certain gaming apparatus, known as billiard tables; and that the said *James Hope* did then, &c., suffer, allow, and procure *Thomas Vickers*, &c., to play the game of 'billiards' on the tables so kept, &c., then and there receiving money, to wit, the sum of twenty-five cents per game, from the persons so playing as aforesaid, as a compensation for the use of said gaming apparatus, and for the privilege of playing the game aforesaid thereon, contrary," &c.

There was a motion to quash overruled; a trial; and a failure of the jury to agree. They were, while at their dinner at a hotel, by the consent of the prosecuting attorney and the defendant, discharged by the judge, who was present, and the defendant recognized. Afterward, a motion to discharge the defendant from custody, on the ground that he had once been in jeopardy, was overruled.

These rulings and orders are made the subject of a cross-assignment of errors.

The indictment was afterward quashed, which ruling of the Court is now assigned as error by the State.

We will first examine the question made by the appellant.

The statute upon which the indictment is founded, is as follows:

"SEC. 38. Any person who shall be the keeper of any gaming apparatus, for the purpose of winning or gaining any article of value, * * * shall be deemed a professional gambler, and upon conviction," &c. 2 R. S., § 38, p. 417.

The case of *Blanton* v. *The State*, 5 Blackf. 560, is cited by the appellant. That decision was made under the R. S. 1838, p. 218:

"That every keeper or exhibitor of either of the gaming

Nov. Term, 1860.

THE STATE
v.
HOPE.

tables, called, &c., (among which is named a billiard table,) for the purpose of winning or gaining money," &c.

We are asked to re-examine the conclusion which the reasoning in that case would lead to; namely, that the evil designed to be remedied is the corruption of public morals, consequent upon spending too much time and money upon mere amusement. It is also urged, that, as the present statute does not, as did that of 1838, expressly name billiard tables as gaming apparatus, it does not necessarily fall within that class of prohibited articles.

It is not at all necessary for us to intimate an opinion upon either of these points, for the reasons following, namely:

The statute under which the indictment was returned, was approved *June* 10, 1852. On the 14th day of the same month, the following section was approved, as embodied in the misdemeanor act:

"SEC. 74. Every person who shall be the keeper or exhibitor of any gaming table, roulette, &c., or billiard table, for the purpose of wagering any article of value thereon, shall be fined," &c. 2. R. S., p. 466.

If the position of the appellant is correct, that both these statutes may stand, and both include billiard tables, and the reasoning in 5 Blackf. is sound; then the conclusion is inevitable, that the law makers were guilty of the absurdity of making the mere keeping, and hiring to others for amusement, of a billiard table, a penitentiary offense; while they would punish the man who should keep a like table, for the purpose of wagering thereon, by a fine.

For these reasons, we think it is manifest that it was the intention of the law-makers, by specially naming billiard tables in the enactment of the later date, to exclude it from the operation of the former statute; if otherwise, it would have been included therein.

Indeed, if the offense intended to be prevented or punished was gambling, then it is not clear but that the former statute is repealed by the latter, so far as they conflict, under that view of their object, even if the first statute did include keeping, &c., such tables. But let this be as it may, we place our decision upon the other ground.

The conclusion we have arrived at in reference to the assignment of errors, dispenses with an examination of the cross-assignment.

*Per Curiam.*—The judgment is affirmed.

*James Perry* and *John Yaryan*, for the State.

*W. A. Bickle* and *C. H. Burchenal*, for appellee.