THE STATE *v.* THOMAS ET AL.

CRIMINAL LAW.—*Keeping Gaming Apparatus.—Indictment.*—In an indictment, under section 38, 2 G. & H. 450, for being the keeper of a gaming apparatus, it is not necessary to allege that any game was played with or on the apparatus, and therefore it is not necessary that any names should be stated as the names of persons who played.

SAME.—*Statute.*—Said section 38 of the chapter relating to felonies, so far as the keeping of a gaming apparatus called a "wheel of fortune" is concerned, was not repealed by section 74 of the subsequent statute relating . to misdemeanors, 2 G. & H. 477.

From the Pike Circuit Court.

*C. A. Buskirk,* Attorney General, and *J. C. Schafer,* Prosecuting Attorney, for the State.

DOWNEY, J.—Indictment against the appellees in two counts. On motion of the defendants, both counts of the indictment were quashed. The prosecutor excepted, and appealed.

The question is upon the sufficiency of the indictment. The counts are so nearly alike, that we need examine only one of them. The first alleges that the defendants, on the 1st day of September, 1874, at, etc., and on divers other days and times between that day and the day of the making of this presentment, did unlawfully and feloniously keep, and do yet unlawfully and feloniously keep, a certain gaming apparatus, commonly called a "wheel of fortune," then and there to play for, win, and gain money and other articles of value, by then and there playing a certain game commonly called a "game of fortune," contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana.

There is no brief for the appellees, and hence we rely on the statements of the officers prosecuting for the State for the objections that were urged to the indictment in the circuit court.

It is stated that the first objection was, that the names of

the persons who gambled on the gaming instrument were not stated in the indictment.

The section of the statute on which the indictment is founded is as follows:

"Any person who shall be the keeper of any gaming apparatus for the purpose of winning or gaining any article of value, or who shall get his livelihood by gaming, * * * shall be deemed a professional gambler, and upon conviction, shall be imprisoned," etc. 2 G. & H. 450, sec. 38.

It is quite clear, we think, that, under this statute, so far as it relates to the keeping of gaming apparatus, it is unnecessary to allege that any game was played with or on the apparatus, and hence unnecessary to state the names of persons who played. The indictment does not allege that any game was played, and could not state names. The crime consists in keeping the gaming apparatus for the purpose of winning any article of value. The apparatus need not be used. No article of value need be won. The case is like an indictment under section 29, 2 G. & H. 466, for keeping a building, etc., to be used for gaming, in which case it has often been held by this court, that it was unnecessary to state that any gaming actually took place, and, of course, unnecessary to state the names of persons who played. We may refer to *Sowle* v. *The State,* 11 Ind. 492, *Winemiller* v. *The State,* 11 Ind. 516, and *Carpenter* v. *The State,* 14 Ind. 109, as cases to this effect.

The next objection made to the indictment, as we are informed, was, that section 38, above mentioned, on which the indictment is founded, was repealed by section 74 of the statute relating to misdemeanors. This statute was approved on the 14th day of June, 1852, and the chapter relating to felonies, in which section 38 above mentioned is found, was approved on the 10th day of June, 1852. Section 74 reads as follows:

" Every person who shall be the keeper or exhibitor of any gaming table, roulette, shuffle board, faro bank, nine-pin or ten-pin alley, or billiard table, for the purpose of wagering any article of value thereon, shall be fined," etc. 2 G. & H. 477.

We are not inclined to the opinion that there is a repeal of the entire section 38 by this later act. We rather think it should be held that, as the wheel of fortune is not among the articles mentioned in section 74, there is no conflict between the sections, and consequently no repeal by implication of section 38, so far as the keeping of it is concerned, whatever may be the case as to the keeping of the articles specifically mentioned in section 74. But we need not and do not decide that any part of section 38 is repealed by section 74. But see *The State* v. *Hope,* 15 Ind. 474.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the motion to quash the indictment, and require the defendant to plead thereto, etc.