Hayes v. The State.

## HAYES v. THE STATE.

CRIMINAL LAW.—*Keeping Gaming Apparatus.*—The keeping of a gaming apparatus, commonly called a "trick knife," for the purpose of wagering, winning and gaining money and articles of value thereon, is a misdemeanor, and not a felony.

SAME.—*Repeal of Statutes.*—*Construction of Statutes.*—Section 38 of the act of 1852, defining felonies, (2 R. S. 1876, p. 442) so far as it relates to the keeping of gaming apparatus, is repealed, by implication, by the act of March 15th, 1875, (2 R. S. 1876, p. 480) amending the 74th section of the act of 1852, defining misdemeanors.

From the Allen Criminal Circuit Court.

*A. Zollars, J. F. Morrison* and *F. T. Zollars,* for appellant.

*S. M. Hench,* Prosecuting Attorney, for the State.

WORDEN, C. J.—Hayes, the appellant, and two others were jointly indicted for being the keepers of a certain gaming apparatus, commonly called a "trick knife," for the purpose of wagering, winning and gaining money and articles of value thereon. He was put upon trial separately, the jury returning a verdict of guilty, and that the appellant be imprisoned, in the state-prison, for the period of one year, and that he be disfranchised for a like period. Judgment was rendered accordingly.

The question is raised, whether the acts charged constitute a felony, or only a misdemeanor.

The act of 1852 (see 2 R. S. 1876, p. 442, sec. 38,) makes the offence charged a felony. It provides, that "Any person who shall be the keeper of any gaming apparatus for the purpose of winning or gaining any article of value, * * * shall be deemed a professional gambler, and upon conviction, shall be imprisoned in the State's prison not less than one year, nor more than five years, and be disfranchised for any determinate period; or may be imprisoned in the county jail not less than three nor more than six months, and disfranchised for any determinate period."

At the same session of the Legislature, but four days later, the act defining misdemeanors and prescribing the punishment thereof was approved; the 74th section of which (see 2 G. & H. p. 477) provided, that,

"Every person who shall be the keeper or exhibitor of any gaming table, roulette, shuffle-board, faro-bank, nine-pin or tenpin alley, or billiard table, for the purpose of wagering any article of value thereon, shall be fined not exceeding one thousand dollars, to which may be added imprisonment not exceeding six months."

In the case of *The State* v. *Hope*, 15 Ind. 474, the defendant was indicted for keeping billiard tables; and it was held, that, inasmuch as that the latter statute mentioned that kind of tables, the keeping of which for the purpose specified was made a misdemeanor, the latter statute, by implication, repealed the former, so far as it included billiard tables, under the general term "gaming apparatus."

In *The State* v. *Thomas*, 50 Ind. 292, the defendant was indicted for keeping a gaming apparatus, called a "wheel of fortune," and it was held, that, as the misdemeanor act did not mention a "wheel of fortune," the keeping of it was not made a misdemeanor, but continued a felony, under the statute first above set out.

Thus stood the law when, in 1875, the 74th section of the misdemeanor act was amended so as to read as follows:

"Every person who shall be the keeper or exhibitor of any gaming table, roulette, shuffle-boards, faro-bank, nine-pin alley or billiard table, or any other gaming apparatus, for the purpose of wagering any article of value therein, shall be fined not exceeding one thousand dollars, to which may be added imprisonment not exceeding six months." 2 R. S. 1876, p. 480.

The amendment, after enumerating certain things, makes the keeping of "any other gaming apparatus" for the purpose specified a misdemeanor, punishable by fine,

to which imprisonment, in the county jail, as we suppose was intended, may be added.

Thus the keeping of any gaming apparatus, for the purpose specified, is made a misdemeanor, instead of a felony.

The two provisions cannot stand together. So much of the act herein first set out as makes it a felony to be the keeper of any gaming apparatus, for the purpose indicated, is impliedly repealed by the amendment of 1875, which makes the offence a misdemeanor only, and punishes it accordingly. See Bishop on Statutory Crimes, sec. 168; Smith on Const. Constr., sec. 776; *United States* v. *Tynen,* 11 Wal. 88.

The judgment below is reversed, and the cause remanded for a new trial. The clerk will give the proper notice for a return of the prisoner.