IN THE MATTER OF THE APPLICATION OF FUKU-NAGA FOR A WRIT OF HABEAS CORPUS.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED DECEMBER 14, 1904. DECIDED DECEMBER 16, 1904.

HARTWELL AND HATCH, JJ., AND CIRCUIT JUDGE ROBINSON IN PLACE OF FREAR, C.J.

FISHING—*conviction for unlawful fishing.*

> Section 1460 of the Penal Laws, in so far as it provides a penalty for wilfully depriving a konohiki of his fishing rights by appropriating the tabooed fish of said konohiki, or otherwise, held repealed by section 95 of the Organic Act, and that petitioner being convicted under said section 1460 was entitled to discharge on *habeas corpus.*

OPINION OF THE COURT BY HATCH, J.

This is an appeal from the first judge of the circuit court of the first circuit. The petitioner, on the 30th day of November, 1904, filed his petition before said circuit judge for a writ of *habeas corpus.* The petition set out that petitioner was unlawfully imprisoned and deprived of his liberty by William Henry, Esquire, the high sheriff of the Territory; that the petitioner was illegally confined in consequence of being convicted by the district magistrate of the district of Ewa, Island of Oahu, on the 26th day of said November, of the offense of mali-

ciously and wilfully appropriating to himself certain tabooed fish, to wit, amaama (mullet), of the konohiki of the sea fishery of Honouliuli, to wit, the Oahu Railway & Land Company; that he was sentenced by said district magistrate to pay a fine of fifty dollars and costs and to be imprisoned at hard labor until said fine and costs were paid; that section 1460 of the Penal Laws, under which petitioner was convicted, was repealed by section 95 of the act of Congress entitled "An act to provide a government for the Territory of Hawaii," and that said district magistrate had no jurisdiction, power or authority to make such conviction or impose such sentence or issue said mittimus; and that all the proceedings had and taken in the arrest and detention of the petitioner were null and void. The return denies that section 1460 of the Penal Laws of this Territory was repealed by section 95 of the act to provide a government for the Territory of Hawaii, and denies that the conviction of the petitioner was illegal.

The act under which the petitioner was convicted is as follows:

"Every konohiki or other person who shall wilfully deprive another of any of his legal rights to fish on any fishing ground, which now is, or may become, free to the use of the people, or who shall wilfully exact from another any portion of the fish caught on any public fishing ground, or who shall wilfully exact of another, for the use of any private fishery, a greater amount of fish than by law he is entitled to receive as his share, and any tenant or other person who shall wilfully deprive any konohiki of his fishing rights, by appropriating to himself the tabooed fish of said konohiki, or otherwise, shall be punished by a fine not exceeding one hundred dollars for every such offense, in the discretion of the court, and in default of the payment of such fine be imprisoned at hard labor not exceeding three months." Sec. 1460, P. L.

Section 95 of the "Act to provide a government for the Territory of Hawaii" is as follows:

"Sec. 95.   That all laws of the Republic of Hawaii which confer exclusive fishing rights upon any person or persons are hereby repealed, and all fisheries in the sea waters of the Terri-

tory of Hawaii not included in any fish pond or artificial enclosure shall be free to all citizens of the United States; subject, however, to vested rights; that no such vested rights shall be valid after three years from the taking effect of this act unless established as hereinafter provided."

It is contended on the part of the respondent that section 1460 of the Penal Laws did not confer a fishing right and that it does not come within the terms of the repealing act. This is placing too narrow a construction upon the repealing act. The whole subject matter of private rights of fishery is covered by this act. The intent of Congress is clear to destroy, so far as it is in its power to do so, all private rights of fishery and to throw open the fisheries to the people. When a right or privilege granted by statute is repealed, any penalty provided for the violation of such right falls also. No express words of repeal are necessary. The result follows by necessary implication. When the object and reason for which a statute was passed are removed by a later enactment this is held an implied repeal of the former statute. Ency. of Law, vol. 26, p. 736. Where a statute alters the quality and incidents of an offense, as by making that which was a felony merely a misdemeanor, it would be construed as impliedly repealing the old law. Endlich on Interpretation of Statutes, Sec. 238. *Hayes v. The State,* 55 Ind. 99. A *fortiori* must thus be the case where an act formerly a penal offense is relieved of all criminality. Making the sea fisheries free is inconsistent with maintaining an act to punish a trespass upon such fisheries criminally. All rights of fishery, however, were not destroyed by the repealing act. That act was inoperative as far as vested rights are concerned. Such private rights of exclusive fishery in the sea as were vested rights at the time of the passage of the Organic Act were not affected by the passage of that act and continue as rights of property notwithstanding the repealing words of section 95. This was settled by *Damon v. Hawaii,* 194 U. S. 154. Such rights will remain rights of property until they may be destroyed by condemnation and the payment of value. Whether the waters in which they exist are

navigable or not is of no consequence. All such rights as may come within the category of vested rights are saved from the operation of the repealing act. In our opinion no others are. Can any vested right be claimed in section 1460 of the Penal Laws, or in that portion of it under which the petitioner was convicted? The portion of the section in question furnished a remedy merely. It gave the right to proceed criminally against one for depriving a konohiki (land owner) of his fishing rights. The law is well settled that there can be no vested right in a remedy. *Re Mechanics', etc., Bank,* 31 Conn. 63. It was fully within the power of Congress to withdraw the criminal remedy. The right of action is not lost. There remains the same right of civil action for trespass upon a fishery as exists in the case of a trespass upon land.

The petitioner is entitled to his discharge.

*George A. Davis* for petitioner.

*Ballou & Marx* for respondent.