## THE STATE v. SQUIBB.

[No. 21,119.    Filed May 26, 1908.]

1. STATUTES.—*Implied Repeals.—Pure Food Laws.—Adulterated Milk.*—The pure food act of 1907 (Acts 1907, p. 153, §3, §7640 Burns 1908), making it unlawful for any person, "either by his servant or agent" to sell impure milk, impliedly repealed §547 of the act of 1905 (Acts 1905, pp. 584, 713, §2456 Burns 1908), making it unlawful for any person to sell impure milk.  p. 490.

2. SAME.—*Criminal Law.—Selling Impure Milk.—Persons Liable.*— Section three of the pure food law of 1907 (Acts 1907, p. 153, §7640 Burns 1908), providing "that no person either by his servant or agent, or as the servant or agent of another person" shall have in his custody or possession, with intent to sell, impure milk, applies only to agents and servants and not to the principals themselves.  p. 491.

3. SAME.—*Supplying Words.—Criminal Law.*—The courts will not supply words in a criminal statute, the result of which would be to make such statute embrace persons who are not within its terms.  p. 492.

4. COURTS.—*Province of.—Statutes.*—It is the province of the courts to construe, but not to make, statutes.  p. 492.

From Dearborn Circuit Court; *George E. Downey,* Judge.

Prosecution by the State of Indiana against William P. Squibb. From a judgment for defendant, the State appeals. *Affirmed.*

*James Bingham,* Attorney-General, *H. M. Dowling, A. G. Cavins,* and *E. M. White,* for the State.

*McMullen & McMullens,* for appellee.

MONTGOMERY, J.—The court below quashed each count of an affidavit, which charged that on June 24, 1907, appellee (1) did unlawfully and knowingly sell to persons, whose names were unknown to the affiant, milk produced from cows fed upon the refuse of a distillery; (2) did unlawfully and knowingly have in his possession, with intent to sell, milk produced from cows fed upon the refuse of a distillery; (3) did unlawfully and knowingly have in his possession, with intent to sell to parties outside of the State of Indiana,

whose names were unknown to the affiant, milk produced from cows fed on the refuse of a distillery.

The errors assigned challenged the rulings of the court in quashing each count of the affidavit. The first count was based upon the following statute:

"Whoever shall knowingly sell to any person or persons, or sell, or deliver or bring to be manufactured to any cheese or butter manufactory in this State, any milk diluted with water, or in any way adulterated, or milk from which any cream has been taken, or milk commonly known as 'skimmed milk,' or shall keep back any of the milk known as 'strippings,' with intent to defraud, or shall knowingly sell milk, the product of a sick or diseased or injured animal or animals, or any milk produced from any cow fed upon the refuse of any distillery or brewery, or upon any substance deleterious to the quality of the milk, or shall knowingly use any poisonous or any deleterious material in the manufacture of any cheese or butter, or shall knowingly sell or offer to sell any cheese or butter in the manufacture of which any poisonous or deleterious substance has been used, shall, on conviction, be fined not less than $50 nor more than $500." §2456 Burns 1908, Acts 1905, pp. 584, 713, §547.

The second and third counts were founded upon section three of the pure food law of 1907 (§7640 Burns 1908, Acts 1907, p. 153), which reads as follows:

"That no person either by his servant or agent, or as the servant or agent of another person, shall sell, exchange or deliver, or have in his custody or possession with intent to sell, exchange or deliver, expose or offer for sale or exchange, adulterated milk or milk to which water or any foreign substance has been added, or milk produced from cows which have been fed on the refuse of distilleries, or from sick or diseased cows, or as pure, milk from which the cream or a part thereof has been removed, or milk which is not of standard quality, or milk collected and kept or handled under conditions which are not cleanly and sanitary, or milk containing less than eight and one-half per cent of milk solids exclusive of fat, and three and twenty-five hundredths per cent of milk fat, or milk which contains any added color or preservative: Pro-

vided, however, 'refuse of distilleries' shall not be construed to mean or apply to dried distillers' grains in sound condition.''

Section ten of said act (§7647 Burns 1908) prescribes a fine of from $10 to $30 for the first offense, $25 to $100 for the second offense, and a fine of $100 and jail imprisonment of from thirty to ninety days for the third offense. Section thirteen of the act repeals all conflicting acts and parts of acts.

Appellee justifies the decision of the lower court in quashing the first count of the affidavit, upon the ground that said act of 1907 repealed §547 of the act of 1905 concerning public offenses.

The act of 1907, *supra,* forbidding the manufacture, sale or offering for sale of any adulterated or misbranded foods or drugs, defining foods and drugs, and defining the

1.  duties of the State board of health in this connection, is very comprehensive in its scope. Section three of this act is addressed to the same subject-matter as §2456, *supra,* to wit, unwholesome milk. The latter act covers the whole subject-matter, is different and more comprehensive in its terms, adds new offenses, and prescribes different penalties for the crimes enumerated and defined in the former. In the case of *Norris* v. *Crocker* (1851), 13 How. *429, 14 L. Ed. 210, the principle governing repeals by implication was very aptly stated as follows: ''As a general rule it is not open to controversy, that where a new statute covers the whole subject-matter of an old one, adds offenses, and prescribes different penalties for those enumerated in the old law, then the former statute is repealed by implication; as the provisions of both cannot stand together.'' In our opinion section three of the later act was intended to be a complete revision of the former law relating to the sale of adulterated or unwholesome milk, and to supersede and repeal §2456, *supra,* upon which the first count of the affidavit herein was founded, and it necessarily follows that the court

rightly quashed said count. *Sefton* v. *Board, etc.* (1903), 160 Ind. 357; *Warford* v. *Sullivan* (1897), 147 Ind. 14; *Thomas* v. *Town of Butler* (1894), 139 Ind. 245; *State* v. *Wells* (1837), 112 Ind. 237; *Western Union Tel. Co.* v. *Brown* (1886), 108 Ind. 538; *Hadley* v. *Musselman* (1886), 104 Ind. 459; *State, ex rel.,* v. *Board, etc.* (1885), 104 Ind. 123; *Wagoner* v. *State* (1883), 90 Ind. 504; *State* v. *Christman* (1879), 67 Ind. 328; *Dowdell* v. *State* (1877), 58 Ind. 333; *Hayes* v. *State* (1876), 55 Ind. 99; *Coghill* v. *State* (1871), 37 Ind. 111; *Leard* v. *Leard* (1868), 30 Ind. 171; *DePauw* v. *City of New Albany* (1864), 22 Ind. 204; *State* v. *Horsey* (1860), 14 Ind. 185; *President, etc.,* v. *Bradshaw* (1855), 6 Ind. 146; 26 Am. and Eng. Ency. Law (2d ed.), 737.

The second and third counts of the affidavit purport to charge that appellee Squibb, in person or as principal, unlawfully and knowingly had in his possession, with

2. intent to sell, milk produced from cows fed on the refuse of a distillery. The contention of appellee is that §7640, *supra,* makes such possession unlawful only by a servant or agent. The language of the statute is peculiar, and yet unmistakably plain, to wit: "No person either by his servant or agent, or as servant or agent of another person, shall sell," etc. Manifestly it is only a sale, exchange, delivery, custody or possession by or through a servant or agent, or in the capacity of servant or agent for another, that is forbidden in this act. It has been most forcibly argued by the Attorney-General that principals as well as agents, and acts by principals as well as by their agents, should be embraced within the penal provisions of this law. The argument is entirely convincing, but should be addressed to the legislature rather than to the courts. It is conceivable that the legislature might have assumed that the objectionable practices against which the law was directed were carried on wholly by corporations, which must act through servants and agents, or, for other reasons, deemed

the law in this form effective and adequate. It was suggested that the statute should be construed and interpreted as though it read: "No person, either himself or by his servant or agent," etc. The language used is clear, and will not admit of construction or interpretation, and we cannot therefore supply words which we might think the legislature ought to have supplied and used, and thereby extend its scope so as to embrace a class of persons not included within its terms. The act of 1905, *supra*, prohibited the sale of milk from cows fed upon the refuse of any distillery or brewery, while the act of 1907, *supra*, omits the word brewery. If we were at liberty to substitute our own, for the legislative judgment, we might be inclined, as counsel suggest, to read the brewery back into the law, as well as the principal when acting without the intervention of an agent. We cannot make laws, and it is not within our province to supply these omitted words, even though no good reason may appear why they were excluded from the provisions of the statute. 26 Am. and Eng. Ency. Law (2d ed.), 601; *Ripley* v. *Gifford* (1860), 11 Iowa 367; *Swift* v. *Luce* (1847), 27 Me. 285; *Arms* v. *Ayer* (1901), 192 Ill. 601, 61 N. E. 851, 85 Am. St. 357, 58 L. R. A. 277; *State* v. *Burgdoerfer* (1895), 107 Mo. 1, 17 S. W. 646, 14 L. R. A. 846; *Ex parte McNulty* (1888), 77 Cal. 164, 19 Pac. 237, 11 Am. St. 257; *Robinson* v. *People* (1896), 23 Colo. 123, 46 Pac. 676; *Grooms* v. *Hannon* (1877), 59 Ala. 510; *Hall* v. *State* (1851), 20 Ohio 7; *People, ex rel.,* v. *Peacock* (1881), 98 Ill. 172; *State* v. *Reid* (1894), 125 Mo. 43, 28 S. W. 172; *State* v. *Gritzner* (1896), 134 Mo. 512, 36 S. W. 39; *France* v. *United States* (1896), 164 U. S. 676, 17 Sup. Ct. 219, 41 L. Ed. 595; 2 Lewis's Sutherland, Stat. Constr. (2d ed.), §§520, 521.

It follows that the facts stated in the second and third counts of the affidavit do not constitute a public offense, and the court rightly quashed each of said counts.

The judgment is affirmed.