TERRITORY OF HAWAII *v.* MOKE MAKAIWI, KA-HIKI, HIRONAGA, KAWANO, YAMAMOTO, KON-JI, ISOMURA AND KAYANO.

APPEAL FROM DISTRICT MAGISTRATE OF WAILUKU.

SUBMITTED SEPTEMBER 4, 1913.          DECIDED SEPTEMBER 6, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

CONSTITUTIONAL LAW—*police power—public fisheries.*

> Sections 94 and 95 of the Organic Act have not reserved to Congress exclusive control over the sea fisheries of this Territory. The police power of the Territory with reference to the public fisheries has not been restricted so as to prevent the enactment of general laws respecting the means or methods by which fish may be taken and forbidding the use of certain kinds of nets. Act 156 of the Session Laws of 1913 held not to be in conflict with said sections of the Organic Act.

OPINION OF THE COURT BY ROBERTSON, C.J.

The defendants have appealed upon points of law from a judgment of conviction entered against them in the district court of Wailuku, County of Maui, upon a charge of violating Act 156 of the Session Laws of 1913 by taking from the waters of the Territory certain fish known as Iao with a seine net over twelve feet in length. The defendants admitted the taking of the fish in the manner alleged and that the point at which they were caught is within a marine league from the shore.

Act 156 of the Laws of 1913 makes "the taking or killing of fishes known as Nehu and Iao, by means of any draw, drag or seine net over twelve feet in length in the waters of the Territory" a misdemeanor. The defendants contend that the statute conflicts with sections 94 and 95 of the Organic Act and, therefore, is void.

The argument is that the organic provisions referred to which provide for an examination into and report upon the entire subject of fisheries in this Territory by the commissioner of fish and fisheries of the United States, with recommendations for legislation, and declare that all fisheries in the sea waters of the Territory not included in any fish pond or artificial inclosure shall be free to all citizens of the United States, subject to certain vested rights, have resulted in the reservation by Congress to itself of all control of the sea fisheries, and the withholding from the Territory of any right of restriction or regulation of the use of those fisheries. The same question, substantially, as is here presented has been considered by this court in previous cases wherein views adverse to that urged by counsel for the defendants have been expressed. Referring to sections 95 and 96 of the Organic Act the court said in *Territory* v. *Matsubara,* 19 Haw. 641, 643, "We do not infer from this legislation that Congress intended that the business of fishing for profit in the sea waters of the Territory should be free from police regulation or taken out of the taxing power of the Territory, the object of the provisions cited being to do away with the exclusive private rights of fishery in those waters," and in *Territory* v. *Hoy Chong,* ante, 39, 41, we said that "the declaration that the sea fisheries of the Territory shall be free to all citizens of the United States was not intended to curtail the right of the legislature to enact laws in the interest of the public for the protection and preservation of those fisheries." Those cases are not at all inconsistent with the case of *In re Fukunaga,* 16 Haw. 306, cited in the defendants' brief. The police power of the Territory with reference to the public fisheries has not

been restricted by the provisions of section 95 of the Organic Act so as to prevent the enactment of general laws respecting the means or methods by which fish may be taken and forbidding the use of certain kinds of nets. That section must be read in connection with the grant of legislative power contained in the 55th section of that Act, under which is included, as a rightful subject of legislation, the police power. The legislature exerted that power in passing the statute in question.

The provisions of section 94 of the Organic Act would indicate an intention on the part of Congress to enact regulations with reference to the use of the fisheries of the Territory, but until such enactments shall have been made, at least, the power to prescribe general regulations may be exercised by the legislature of the Territory. We hold that Act 156 of the Laws of 1913 does not conflict with the Organic Act in the respect claimed by the defendants.

The judgment appealed from is affirmed.

*L. P. Scott, Deputy Attorney General,* for the Territory.

*Andrews & Quarles* and *Eugene Murphy* for defendants.