HERBERT OTT, JR., TREVA OTT, ET AL. *v.* LEE E. JOHNSON AND RAMONA C. JOHNSON.

[No. 1274S234. Filed December 9, 1974.]

*Bloom, Bloom & Fleck,* of Columbia City, for appellants.

*Snodgrass, Burner & Lambert,* of Warsaw, for appellees.

ON PETITION TO TRANSFER

GIVAN, C.J.—This case is before this Court on Appellants' (Plaintiffs below) petition to transfer.

The Court of Appeals, Third District, affirmed the action of the trial court in granting judgment for the Appellees (Defendants below).

Upon facts stipulated, we grant transfer and reverse the trial court.

This case involves Town Ordinance No. 114, adopted in 1967 by the Town of Pierceton, Indiana. The Ordinance prohibited as a public nuisance the placing, locating or erecting of a mobile home within the corporate limits of Pierceton, except in trailer courts approved by the State Board of Health. The Ordinance defined "mobile home" as follows:

> "2. DEFINITION: A mobile dwelling unit shall name (sic) living quarters such as house trailers, truck bodies, tents, bus bodies, railroad cars, shacks and improvised shelters which may be moved by tractor, truck, automobile or horses or can be carried, transported or towed from one place to another without the use of regular house moving equipment; that use for such living quarters shall include the acts of sleeping, preparation of meals or any sanitary measure such as bathing, dish washing or laundering clothing or any natural or performed operation which provides waste material objectionable from a nuisance standpoint."

The stipulated facts were as follows: Appellants are owners of Lot #3 in Gradeless Subdivision of the Town of Pierceton. In 1972, Appellees began construction of concrete slabs and a foundation in Lot #2, which is adjacent to the lot owned by the Appellants. The purpose of the construction was to accommodate a mobile home, which was 12 feet wide and 61 feet

long, in which the Appellees had been living in a mobile home park west of Pierceton. The mobile home was constructed at the factory as a single and complete unit equipped with three axles, six automobile wheels, brakes, brake lights, traveling lights and a tongue for towing. This unit so equipped was towed by a truck from the mobile home park to Appellees' lot, where the tongue, wheels and axles were removed and the unit placed on concrete block walls. The unit was also connected to sewer service and water supply. The unit could again be moved by severing the water connections and reattaching the wheels, axles and tongue.

It was further stipulated that the term "regular house moving equipment" used in the ordinance was meant to describe specialized equipment which included stringers on which a building is placed, and special jacks and special dollies on which a building may be moved after removing the foundation.

During the construction of the slabs, Appellants gave both written and verbal notice to the Appellees that they would consider Appellees proposed installation of the mobile home on Lot #2 as a nuisance under the Ordinance. When the Appellees continued with their plans, the Appellants filed this action for injunction and damages.

Appellants raised two issues, both of which were decided adversely to them by the Court of Appeals: (1) that the decision of the trial court is contrary to the evidence; and (2) that the decision is contrary to law. The Court of Appeals correctly stated the law as to Appellants' first issue. A verdict or finding against one having the burden of proof is a negative decision and may not be attacked on the ground that there was a lack of evidence to sustain it. If a party is entitled to relief under the evidence and the relief is denied, the decision is contrary to law. *State Farm Life Insurance Co.* v. *Spidel* (1964), 246 Ind. 458, 202 N.E.2d 886, 4 Ind. Dec. 312, 2 WILTROUT, IND. PRACTICE, § 1768.

It is in deciding Appellants' second issue that the Court of Appeals erred.

The Court of Appeals decided as a matter of law that the "housing unit" did not come within the definition of "mobile home" under the Ordinance, and further that there was no showing by the Appellant that they had suffered any injury peculiar to themselves.

In determining the proper definition of the term "mobile home", it is the duty of the courts to give effect to the plain and manifest meaning of the language used. *State ex rel. Bynum* v. *LaPorte Superior Court* (1973), 259 Ind. 647, 291 N.E.2d 355, 34 Ind. Dec. 589. It is only when the language of the statute or ordinance is ambiguous that the courts should search for legislative intent. *State* v. *Gilbert* (1966), 247 Ind. 544, 219 N.E.2d 892, 9 Ind. Dec. 126. The ordinance here involved expressly defined "mobile home" as "living quarters . . . which may be moved . . . from one place to another without the use of regular house moving equipment." This language is clear and unambiguous. Thus, this Court may not substitute language which it feels the legislative body may have intended. *State* v. *Squibb* (1908), 170 Ind. 488, 84 N. E. 969. The parties stipulated that the unit could be moved without the use of regular house moving equipment. Thus, they leave no question but that the Appellees' unit is within the definition of the Ordinance. The fact that the wheels, axles and tongue were removed did not change the character of the unit.

The fact that the Ordinance refers to living quarters which "may" be moved does not require an interpretation that the movement be possible immediately without alteration or preparation of any kind. The word "may" expresses ability, possibility or contingency. See BLACK'S LAW DICTIONARY (4th Ed. 1951) at 1131.

We hold as a matter of law that the Appellees were in violation of the Town Ordinance when they installed their Monarch "living unit" on the property in question.

As to the Court of Appeal's position that Appellants failed to prove damages, we would point out that the parties made the following stipulation:

> "The parties further stipulate that the foregoing contains by stipulations, all facts necessary to determine the issues raised by the complaint and answer, except the issue of damages, and that the plaintiffs' damages are nominal if the injunction sought is granted, and plaintiffs waived their claim to damages.
>
> "The parties stipulate that if the Court determines the defendants are violating said ordinance, the equitable remedy by injunction is the proper remedy. They further agree that if such injunction is granted, defendants may have a period of 60 days in which to re-locate their housing unit. This cause is now submitted to the Court for decision without further evidence."

It is apparent by these stipulations that the parties were submitting the cause to the trial court solely on the issue of whether Appellees' "living unit" was a mobile home within the definition of the Ordinance. It is true that when a private nuisance, which is not a nuisance *per se*, is sought to be enjoined, injury peculiar to the party seeking the injunction must be shown. *Peoples Gas Co.* v. *Tyner* (1891), 131 Ind. 277, 31 N.E. 59; *Greene* v. *Holmes* (1929), 201 Ind. 123, 166 N.E. 281; 58 AM.JUR.2d, *Nuisances* § 108. However, by their stipulation in this case, the parties have stipulated that the equitable remedy of injunction is the proper remedy and have thus in effect stipulated the presence of damages, but that they are nominal. There was, therefore, no question of damages to be determined by the trial court.

For the foregoing reasons, transfer is granted, and this case is remanded to the trial court for further proceedings not inconsistent with this opinion.

Arterburn, DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 319 N.E.2d 622.