The STATE of Indiana, INDIANA DEPARTMENT OF REVENUE, Defendant-Appellant,

v.

MEADOWOOD I. U. RETIREMENT COMMUNITY, INC., Plaintiff-Appellee.

No. 1–281A51.

Court of Appeals of Indiana, First District.

Dec. 1, 1981.

Linley E. Pearson, Atty. Gen., Alembert W. Brayton, Deputy Atty. Gen., Indianapolis, for defendant-appellant.

Leonard J. Betley, Barton T. Sprunger, Ice, Miller, Donadio & Ryan, Indianapolis, for plaintiff-appellee.

## ON PETITION FOR REHEARING

RATLIFF, Judge.

In our original opinion in this case found at 425 N.E.2d 721, we held the trial court lacked subject matter jurisdiction to enter a declaratory judgment finding Meadowood I. U. Retirement Community, Inc. (Meadowood) to be exempt from the Indiana gross income tax and sales and use tax. Meadowood has petitioned this court for a rehearing alleging our opinion is erroneous for three reasons.

First, Meadowood contends Ind.Code 6–2–1–19(d) (repealed 1981)[1] has no applicability to this case since no injunction was sought or received. Although IC 6–2–1–19(d) (repealed 1981) does prohibit injunctions and no injunction has been received, it also states that a taxpayer must pay the tax and bring a suit for refund "in all cases in which, for any reason, it be claimed that any such tax about to be collected is wrongful or illegal in whole or in part." Ind.Code 6–2–1–19(d) (repealed 1981) has been held to include suits for declaratory relief. See Indiana Dept. of State Revenue v. Indiana Gamma Gamma of Alpha Tau Omega, Inc., (1979) Ind.App., 394 N.E.2d 187, trans. denied.

Meadowood states, however, that in its action for a declaratory judgment it did not claim any tax was wrongful or illegal and that no tax was about to be collected by the Indiana Department of Revenue (Department). We disagree and believe that the language used by the legislature includes the action brought by Meadowood.

In order to determine whether IC 6–2–1–19(d) (repealed 1981) is applicable to Meadowood's action, we must first determine what the legislature intended when it used the language "any such tax about to be collected." It is generally recognized that if a statute is plain and unambiguous, then the courts must give effect to the language used. Ott v. Johnson, (1974) 262 Ind. 548, 319 N.E.2d 622. However, when the language of the statute is ambiguous, then the courts must determine the legislative intent. Id. The courts may consider the effects and consequences of a proposed construction when the language of a statute is ambiguous, uncertain, and doubtful or admits of more than one construction. State v. Moles, (1975) 166 Ind.App. 632, 337 N.E.2d 543, trans. denied; Economy Oil Corp. v. Indiana Dept. of State Revenue, (1974) 162 Ind.App. 658, 321 N.E.2d 215.

Although Meadowood has not informed us what the language "about to be collected" as used in IC 6–2–1–19(d) (repealed 1981) means, it is clear from Meadowood's arguments that in its view such language requires some affirmative conduct on the part of the Department whether it be assessment proceedings or an action at law. We do not believe the legislature intended such a construction of IC 6–2–1–19(d) (repealed 1981). If the legislature had intended to require assessment proceedings, then it could have stated "any tax about to be assessed." Rather, we believe the basic tenet of statutory construction that unless a contrary intent is expressed by the legislature, words used in a statute will be given their plain, ordinary, and usual meaning applies. Indiana Dept. of State Revenue v.

---

1. Ind.Code 6–2–1–19(d) (repealed 1981) states:
   "(d) No injunction to restrain or delay the collection of any tax claimed to be due under the provisions of this act shall be issued by any court, but in all cases in which, for any reason, it be claimed that any such tax about to be collected is wrongful or illegal in whole or in part, the remedy, except as otherwise expressly provided in this act, shall be by payment and action to recover such tax as provided in this section."
   See Ind.Code 6–8.1–9–1(d) (Supp.1980) for the current law.

*Food Marketing Corp.,* (1980) Ind.App., 403 N.E.2d 1093, *trans. denied.* Black's Law Dictionary (1968), defines "collect" as: "to gather together; to bring scattered things (assets, accounts, articles of property) into one mass or fund; to assemble." Likewise, Webster's New World Dictionary of the American Language (1970), defines collect as: "to gather or assemble."

■ Applying those definitions to IC 6–2–1–19(d) (repealed 1981), it is clear that the tax is about to be collected when it is about to be gathered by the Department, who under Ind.Code 6–2–1–1(b) and Ind. Code 6–8–3–4 is to administer the provisions of the gross income tax statute. The Department gathers or collects taxes not only by bringing suits or making assessments against taxpayers, but also by receiving payments from taxpayers for taxes which the taxpayers are required to pay pursuant to Ind.Code 6–2–1–2. Thus, IC 6–2–1–19(d) (repealed 1981) applies not only to situations where the taxpayer has paid his or her taxes as required by statute, but also to situations such as the one before us in which the taxpayer has not paid the tax which is owed under the statute, IC 6–2–1–2, and no assessment has been made. As discussed in our original opinion, to require an assessment by the Department before IC 6–2–1–19(d) (repealed 1981) would be applicable would create an anamolous result.

■ Meadowood also contends it has not claimed any tax about to be collected is wrongful or illegal. Such a contention exalts form over substance. The Gross Income Tax Act of 1933 by its provisions imposes a tax upon persons who are residents or domiciliaries of this state. *See* IC 6–2–1–2. However, under certain circumstances defined by Ind.Code 6–2–1–7 the gross income of a person may be exempted from the gross income tax upon the grant of an exemption by the Department. Meadowood applied for an exemption with the Department, and when the exemption was denied, it filed a declaratory action asking the trial court to find it to be a corporation organized and operated exclusively for charitable, educational, and civic purposes. Clearly, Meadowood in bringing the suit hoped to receive a reversal of the Department's decision of its tax-exempt status and thus not be subject to the tax. By alleging it was a tax-exempt corporation, Meadowood was alleging inherently that the imposition of the tax was wrongful. Thus, IC 6–2–1–19(d) (repealed 1981) does apply to the case at bar and the trial court lacked subject matter jurisdiction to entertain this action.

Meadowood also contends *Indiana Dept. of State Revenue v. Indiana Gamma Gamma of Alpha Tau Omega, Inc.,* (1979) Ind. App., 394 N.E.2d 187, *trans. denied,* conflicts with our decision. It bases this contention upon the following language in the *ATO* case:

"The Department denied the claim and ATO brought suit for a refund. By its own actions, ATO has brought itself within the category of 'person' or 'taxpayer' under the provisions of Ind.Code 6–2–1–19 and is held to the exclusive judicial remedy afforded by that statute, an action for a refund."

*Id.* at 192. This language, Meadowood states, implies that if ATO had not paid the tax and claimed a refund, then it would not have been limited to the remedy provided in IC 6–2–1–19 (repealed 1981). Meadowood is correct; however, the language in the *ATO* case does not conflict with our opinion or have any relation to the issue before us. A close reading of the *ATO* case would disclose that the language which Meadowood cites dealt with the gross retail tax and not the gross income tax. Under the gross retail tax ATO was a collecting agent for the state and thus not a person or taxpayer within the intent of IC 6–2–1–19 (repealed 1981) since the tax burden was upon the retail purchaser. However, since ATO voluntarily paid out of its own funds an amount equal to the .tax it should have collected from its students, this court held it had brought itself within the provisions of IC 6–2–1–19 (repealed 1981). This holding in no way conflicts with our opinion, for under the gross income tax act if a person is a "person" as defined in Ind.Code 6–2–1–1(a), then he or she has that status whether or not he or she pays the tax imposed by the act.

Meadowood also contends our original decision was erroneous because it is not a taxpayer for gross income tax and sales and use tax purposes and because our decision allegedly prohibits Meadowood from obtaining judicial review of an administrative decision. The Department alleges Meadowood has waived these arguments since they were not briefed in Meadowood's appellee's brief on appeal. While Meadowood recognizes the rule that a party may not raise questions in a petition for rehearing which were not raised in the trial court or on appeal, it invites us not to apply the rule in the present case since it alleges it is neither challenging the trial court's judgment nor raising new issues or questions. We respectfully decline Meadowood's invitation. As stated by Judge Bobbitt in *City of Indianapolis v. Wynn*, (1959) 239 Ind. 567, 582, 157 N.E.2d 828, 159 N.E.2d 572, 573, "This question was not briefed or urged in appellees' brief on appeal, and it cannot be raised for the first time on petition for rehearing." (Citations omitted.)

Petition for rehearing denied.

NEAL, P. J., and ROBERTSON, J., concur.

