INDIANA DEPARTMENT OF PUBLIC WELFARE and Fulton County Department of Public Welfare, Appellants (Respondents Below)

v.

ST. JOSEPH'S MEDICAL CENTER, INC., Woodlawn Hospital and Phyllis Barrett, Appellees (Petitioners Below).

No. 3-683A165.

Court of Appeals of Indiana, Third District.

Nov. 16, 1983.

Rehearing Denied Jan. 11, 1984.

Linley E. Pearson, Atty. Gen., Gary L. Shaw, Deputy Atty. Gen., Indianapolis, for appellant Indiana Dept. of Public Welfare.

Alan D. Burke, Rochester, for appellant Fulton County Dept. of Public Welfare.

Robert W. Mysliwiec, South Bend, for appellees Saint Joseph's Medical Center, Inc. and Woodlawn Hosp.

Gregory S. French, Katherine A. Martin, Legal Services Program of Northern Indiana, Inc., South Bend, for appellee Phyllis Barrett.

Thomas A. Vogtner, Irene T. Adamczyk, Baker & Daniels, Indianapolis, for Methodist Hosp. of Indiana, Inc., amicus curiae.

HOFFMAN, Presiding Judge.

Appellee Phyllis Barrett and her husband, Earl, reside in Rochester, Indiana, with their six-year-old grandson, for whom they

serve as legal guardians. Earl Barrett has been totally disabled and unable to work since 1975, entitling him to $479.60 per month in social security disability benefits. As additional income, the Barretts receive $82 per month in food stamps.

Between January 18 and April 7, 1982, Phyllis Barrett was hospitalized for the treatment of duodenal ulcer disease and incurred expenses in the amount of $35,529.15. Mrs. Barrett applied to appellant Fulton County Department of Public Welfare (Fulton D.P.W.) for assistance under Indiana's Hospital Care for the Indigent (H.C.I.) Statute. Fulton D.P.W. denied this request based on the standards for eligibility set forth by appellant Indiana Department of Public Welfare (I.D.P.W.) at 470 IAC 11–1–1. After I.D.P.W. affirmed this denial, Barrett appealed to the St. Joseph Circuit Court. The only issue before that court was whether standards promulgated at 470 IAC 11–1–1 establishing eligibility for assistance under the H.C.I. Act fall within the parameters set forth by the Legislature at IND.CODE § 12–5–6–2(c). In reversing the decision of I.D.P.W., the trial court made the following conclusions of law:

"CONCLUSIONS OF LAW

1. The Indiana Department of Public Welfare failed to comply with the legislative direction of *I.C. 12–5–6–2(c)*.
2. Respondent SDPW's adoption of AFDC eligibility standards, *470 I.A.C. 11–1–1* violates the explicit language of *I.C. 12–5–6–2(c)*.
3. The action of the SDPW in violating the express requirements of *I.C. 12–5–6–2(c)* was arbitrary, capricious, an abuse of discretion and in all things not in accordance with law; the decisions of the SDPW are therefore arbitrary, capricious, an abuse of discretion and not in accordance with law and are in excess of statutory authority.

ORDER

IT IS ORDERED:

1. *470 I.A.C. 11–1–1* violates *I.C. 12–5–6–2(c)*.
2. The respondents are permanently enjoined from using AFDC income and resource eligibility standards to determine income and resource eligibility for assistance under the HCI, *I.C. 12–5–6–1* et seq.
3. This cause is remanded to respondent Indiana State Department of Public Welfare to submit within thirty (30) days of the date of this Order, proposed revisions for this Court's approval to bring *470 I.A.C. 11–1–1* into compliance with *I.C. 12–5–6–2(c)*; and
4. This cause is remanded to respondent Indiana State Department of Public Welfare for further proceedings consistent with this Order regarding petitioner Phyllis Barrett's income and resource eligibility for assistance under the HCI, *I.C. 12–5–6–1* et seq. for the hospital expenses she incurred at petitioner's Saint Joseph's Medical Center and Woodlawn Hospital. South Bend, Indiana, March 3, 1983.

　　　　/s/　John W. Montgomery
　　　　John W. Montgomery, Judge
　　　　St. Joseph Circuit Court"

I.D.P.W. and Fulton D.P.W. now appeal that ruling.

■ In 1981, the Indiana Legislature authorized I.D.P.W. to set forth standards for eligibility in the following manner:

"(c) The state department of public welfare shall adopt rules, under IC 4–22–2, to establish income and resource eligibility standards for patients whose treatment is to be paid under this chapter. These standards must be based, as far as practicable, upon the income and resource eligibility standards adopted by the state department of public welfare under IC 12–1–7–14.9 et seq."

IND.CODE § 12–5–6–2(c).

The *only* standards adopted under IND. CODE §§ 12–1–7–14.9 *et seq.* are eligibility standards for medical assistance to the aged, blind, and disabled (M.A.B.D.), located at 470 IAC §§ 9–3–1 through 9–3–12. Nevertheless, I.D.P.W. promulgated the following standards for indigent health care, based on Indiana's Aid to Families with

Dependent Children (A.F.D.C.) legislation, at IND.CODE §§ 12–1–7–1 through 12–1–7–14:

> "Sec. 1. Income and Resource Eligibility Standards. The income and resource eligibility standards to be used by the County Departments of Public Welfare in determining eligibility for hospital care for the indigent pursuant to IC 12–5–6–1 et seq. shall be the income and resource eligibility standards adopted by the Indiana Department of Public Welfare for determining initial eligibility for the Aid to Families with Dependent Children Program, 470 IAC 10–3–1 to 470 IAC 10–3–8, and 470 IAC 10–3–27 and the requirements of 42 U.S.C. 602 and 45 CFR 233." 470 IAC 11–1–1.

I.D.P.W. and Fulton D.P.W. now contend that although the A.F.D.C. standards are not expressly prescribed by the enabling legislation, the words *as far as practicable* contained in that statute authorize the use of broad discretion in promulgating rules and standards. In order to be practicable, standards must be "that which may be done, practiced, or accomplished; that which is performable, feasible, possible." *People v. Errant,* (1907) 229 Ill. 56, 82 N.E. 271, at 274, citing *Streeter v. Streeter,* (1867) 43 Ill. 155, at 165; Black's Law Dictionary 1055 (5th ed. 1979). While it is undisputed that the Legislature delegates to administrative agencies discretion as well as authority, appellants have clearly misconstrued the meaning of this phrase. A.F.D.C. standards for eligibility are not contained in the statutory sections from which the Legislature authorized I.D.P.W. to promulgate standards. Therefore, I.D.P.W. abused its discretion in adopting these standards of eligibility. As stated in *Ind. Emp. Sec. Div. v. Ponder,* (1950) 121 Ind.App. 51, at 59–60, 92 N.E.2d 224, at 228:

> "A specific legislative yardstick is provided, which cannot be broken or shortened by an administrative regulation. Rules and regulations promulgated by administrative boards must be reasonable, and such boards cannot enlarge or vary, by the operation of such rules, the powers conferred upon them by the Legislature,

or create a rule out of harmony with the statute. Any regulation which is in conflict with the organic law or statutes of the State is wholly invalid. *Blue v. Beach* (1900), 155 Ind. 121, 56 N.E. 89, *Wallace v. Feehan* (1934), 206 Ind. 522, 190 N.E. 438; *Whitcomb Hotel v. California Employment Comm.,* (1944), 24 Cal.2d 753, 151 P.2d 233, 155 A.L.R. 405."

Given the clear mandate of the H.C.I. enabling statute, the trial court properly ruled that adoption of A.F.D.C. standards was outside of the authority extended to I.D.P.W. by the Legislature.

 Appellants further urge that A.F.D.C. standards were within the class of standards that the Legislature intended I.D.P.W. to consider. In support of this contention, appellants point to the legislative history and events leading up to the adoption of the H.C.I. provisions in 1981. However, in construing statutes, courts must give effect to the plain and manifest meaning of the language employed. *Ott v. Johnson,* (1974) 262 Ind. 548, 319 N.E.2d 622. Only when the language of a statute is ambiguous should courts search for legislative intent. *Ott, supra; State v. Gilbert,* (1966) 247 Ind. 544, 219 N.E.2d 892. The language involved in IND.CODE § 12–5–6–2(c) is clear and unambiguous as to the eligibility standards to be employed. This subsection requires that I.D.P.W. rely on M.A.B.D. standards found at IND.CODE § 12–1–7–14.9 *et seq.* as far as practicable. This Court may not substitute provisions which it feels the Legislature *may* have intended. *Ott, supra; State v. Squibb,* (1908) 170 Ind. 488, 84 N.E. 969. I.D.P.W. illegally considered and employed A.F.D.C. eligibility standards, contrary to the clear mandate of the enabling statute, IND.CODE § 12–5–6–2(c).

 Appellants also contend that the trial court erred in ordering I.D.P.W. to submit proposed revisions of 470 IAC 11–1–1 for court approval. The power of courts over administrative agencies is governed by IND.CODE § 4–22–1–18, which provides in part:

> "If such court finds such finding, decision or determination of such agency is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short or statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside. *The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.*" (Emphasis added.)

Reviewing courts may *not* modify agency decisions. Where agency action is contrary to law, the decision must either be reversed or remanded for further agency consideration. The express intent of this statute is to limit the reviewing court's authority to remand the case to the administrative agency for further proceedings after a proper determination that agency action was contrary to law. *ABC v. Johnson,* (1973) 158 Ind.App. 467, 303 N.E.2d 64. The *Johnson* court went on to hold that:

"[i]f upon remand the agency unlawfully withholds or unreasonably delays the redetermination of the case, then the trial court may compel agency action by direct order. *Otherwise the reviewing court does not have power to compel agency action as part of the initial review function. It may only remand the cause for rehearing.*" (Emphasis added.)

158 Ind.App. at 476–477, 303 N.E.2d at 67.

The trial court properly found the standards set forth by I.D.P.W. to be in excess of statutory authority. However, that court improperly retained jurisdiction over this matter by requiring the submission of proposed revisions within thirty days for court approval. I.D.P.W. must be allowed to independently bring eligibility standards into compliance without court interference in order to preserve the integrity of the executive branch of government. *See, City of Portage v. Rogness,* (1983) Ind.App., 450 N.E.2d 533. Only where the agency unlawfully withholds or unreasonably delays this redetermination may the judiciary compel executive action. *Johnson, supra.*

The parties also raise the issue of whether this ruling should have retroactive application. Generally, enunciations of the common law through judicial opinions rendered in civil cases have retrospective as well as prospective effect, except where the enunciation would impair vested rights acquired in reliance on an earlier decision. *Center School Township v. State ex rel. Board, etc.* (1898) 150 Ind. 168, 49 N.E. 961; *Don Medow Motors, Inc. v. Grauman,* (1983) Ind. App., 446 N.E.2d 651. The decision announced today will affect those applications now filed, presently pending, or already in the appeal stage. Those patients admitted after the effective date of the Hospital Care for the Indigent Statute on January 1, 1982, who have failed to timely file or otherwise preserve their rights are not affected by this decision.

The decision of the trial court finding I.D.P.W.'s eligibility standards contrary to statute is affirmed. This cause is remanded to the trial court, with instructions to remand to the I.D.P.W. for further proceedings not inconsistent with this opinion.

GARRARD and STATON, JJ., concur.