**Joan GERRISH, Appellant (Plaintiff Below),**

v.

**Charles W. APPLEGATE, John M. Schwartz, Faye I. Mowery, and Thomas D. Schneider, Appellees (Defendants Below).**

**No. 49A04–8712–CV–396.**

Court of Appeals of Indiana, Third District.

Aug. 8, 1988.
Rehearing Denied Oct. 17, 1988.

William D. Hall, Indianapolis, for appellant.

Gary R. Landau, David F. Rees, Elrod, Rees, Mascher & Whitham, Indianapolis, for appellees.

HOFFMAN, Judge.

Plaintiff-appellant Joan Gerrish appeals a trial court's judgment dismissing her complaint to contest the election of Thomas Schneider as Mayor of Lawrence, Indiana. After a hearing on November 30, 1987, the trial court granted defendants-appellees' motion to dismiss on the basis that Gerrish had not timely filed her complaint.

The evidence relevant to this appeal discloses that Gerrish filed her complaint at the Marion County Court Clerk's Office at 3:44 P.M. on the seventh day after the election. The complaint was then filed at 3:53 P.M. on the same day at the Secretary of State's Office. Gerrish contends that she was not required to file her complaint by noon on the seventh day after the election; instead, the entire business day was available for a timely filing.

IND.CODE § 3-12-8-5 (1987 Supp.) states:

"A person who desires to contest an election under this chapter must file a verified petition with:
  (1) the circuit court clerk of the county that contains the greatest percentage of the population of the election district; and
  (2) the secretary of state;
within seven (7) days after election day."

IND.CODE § 3-5-4-1 (1986 Supp.) provides:

"Whenever this title specifies a final day for a particular filing but no final hour of that day, the final hour for the receipt of the particular filing is noon, prevailing time, of that final day."

Consequently, Gerrish was required to file her complaint by noon on the seventh day after the election.

The noon deadline was specifically addressed by this Court in *Bodine v. Hiler* (1984), Ind.App., 463 N.E.2d 539, 543–544. In *Bodine* this Court observed:

"We commence by observing that the common law made no provision for contesting elections. *State ex rel. Robertson v. Cir. Ct. of Lake Co.* (1938), 215 Ind. 18, 17 N.E.2d 805. The statute permitting such contests provides a special statutory proceeding. *State ex rel. Lord v. Sullivan* (1938), 214 Ind. 279, 15 N.E. 2d 384. Thus, the requirements imposed by the statute are jurisdictional. *Marra v. Clapp* (1970), 255 Ind. 97, 262 N.E.2d 630; *State ex rel. Howard v. Lake Cir. Ct.* (1954), 233 Ind. 459, 121 N.E.2d 647. Secondly, it must be recalled that it is our duty to give effect to the plain and manifest meaning of the language used by the legislature. *Ott v. Johnson* (1974), 262 Ind. 548, 319 N.E.2d 622.

'It is only when the language of the statute is ambiguous that the courts should search for legislative intent.'

262 Ind. at 552, 319 N.E.2d at 624.

Thus, where the language used is clear and unambiguous, this court may not substitute language which it feels the legislative body may have intended. *Ott, supra; State v. Squibb* (1908), 170 Ind. 488, 84 N.E. 969.

In the case before us we are concerned with a 1975 amendment to the election laws. The provision was added to the 'general provisions' chapter of the statute. It states:

'Whenever a final day for a particular filing is provided by law, but no final hour of that day is specified, the final hour for the receipt of the particular filing is twelve o'clock noon, prevailing time, of the final day of filing.'

The section does not purport to apply merely to declarations of candidacy, although the legislature could quite easily

have so restricted it had it desired to do so. Instead the section is simply made applicable to any particular filing where a final day but no final hour by which the filing must be made has been provided by law. The clear and unambiguous meaning of the language used is that it applies to all filings under the act which are subject to date deadlines.

The provisions concerning election contests for district and county offices appear at IC 3–1–28–1 through 8. It appears that the critical provision is IC 3–1–28–4(a) which provides in pertinent part:

'Any person desiring to contest any election ... shall file, in the office of the clerk of the circuit court of the proper county, his petition....

\* \* \* \* \* \*

Such petition shall be verified by the contestor and shall be filed within fifteen (15) days after the day on which the election is held.'

Such a petition thus is a 'filing' within the meaning of the election code. When appellants failed to file their petitions by noon on the fifteenth day following the election the circuit court failed to acquire jurisdiction of the cases." (Footnotes omitted.)

463 N.E.2d at 543–544.

Although the statutes have been re-enacted and the 15–day deadline was altered to 7 days, the reasoning is dispositive of the present case. Gerrish's attack on the efficacy of the case is unavailing at this stage of review.

There being no finding of error, the trial court's judgment is affirmed.

Affirmed.

RATLIFF, C.J., and CONOVER, J., concur.